9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re William Eric CHARLES; Susanna D. Charles, Debtors,
William Eric CHARLES; Susanna D. Charles, Plaintiffs-Appellants
v.
CATLETTSBURG FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant-Appellee.
 No. 93-5439.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 William Eric Charles and Susanna D. Charles, pro se Kentucky residents, appeal a district court order affirming the bankruptcy court's judgment refusing to discharge a debt pursuant to 11 U.S.C. Sec. 523(a)(2)(A). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, the debtors-appellants filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Kentucky seeking to discharge their debts. Catlettsburg Federal Savings & Loan Association objected, contending that the debtors' obligation to Catlettsburg was not dischargeable because the debt was obtained through misrepresentation. Following a trial, the bankruptcy court issued findings of fact and conclusions of law, concluding that the debts owed Catlettsburg were incurred by fraud and, therefore, were not dischargeable pursuant to 11 U.S.C. Sec. 523(a)(2)(A).
 
 
 4
 The debtors filed a timely appeal with the United States District Court for the Eastern District of Kentucky, essentially contending that the bankruptcy court's findings and conclusions were not supported by the evidence and that the bankruptcy court erred in conducting the trial when all the witnesses were not available to testify. The district court affirmed the bankruptcy court's judgment, concluding that the decision was supported by the record.
 
 
 5
 On appeal to this court, the debtors reiterate the arguments that they presented to the district court. Furthermore, they contend that the district court erred by failing to consider the fact that because they were unsophisticated in the law, they had to rely upon their attorney's advice during the bankruptcy proceedings. As a result of this reliance, they were unaware of the prejudice that they would suffer from the stipulations of fact made by their attorney. The debtors also admit that they did not object to the unavailability of witnesses at the time of trial because of their reliance on their attorney's representation. They request oral argument.
 
 
 6
 In an appeal from a district court's review of a bankruptcy court's decision, we independently review the bankruptcy court's decision. In re Flo-Lizer Inc., 946 F.2d 1237, 1240 (6th Cir.1991). We are without authority to make independent findings of fact and our review of the bankruptcy court's findings of fact is under the clearly erroneous standard. Id. We review the bankruptcy court's conclusions of law de novo. Id.
 
 
 7
 Initially, we note that the debtors' argument concerning the prejudice they experienced as a result of the stipulated facts submitted to the bankruptcy court by their attorney was not raised in either the bankruptcy court, or on appeal to the district court. Therefore, the issue is not reviewable on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). Furthermore, the debtors did not object to the bankruptcy court conducting its trial because of the unavailability of witnesses. Therefore, the issue is considered waived for the purposes of appeal. See American Anodco, Inc. v. Reynolds Metals Co., 743 F.2d 417, 424 (6th Cir.1984). Finally, we conclude that Catlettsburg established by the preponderance of the evidence that: 1) the debtors obtained money from it through material misrepresentations; 2) at the time, the debtors knew their actions were false; and 3) Catlettsburg relied on the false representations. See Grogan v. Garner, 498 U.S. 279 (1991); In re Ledford, 970 F.2d 1556, 1559-60 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993).
 
 
 8
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation