56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re: Harry F. MALZEKE, Debtor
Charles R. JELM, Appellee,
v.
Harry F. MALZEKE, Appellant.
 No. 94-3950.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 Before: CONTIE, MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Harry F. Malzeke, an attorney, appeals pro se a district court order affirming the bankruptcy court's decision in this adversary proceeding. The parties have waived oral argument. This panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 This case arose from Charles R. Jelm's investment in an oil and gas venture. Jelm decided to participate in this development project in Texas on assurances from Malzeke, who had an interest in the project. The project never went forward, and so Jelm brought suit in the Court of Common Pleas in Cuyahoga County against Malzeke and others to recover Jelm's investment. The Common Pleas Court entered judgment in favor of Jelm in the amount of $58,699.98. That decision was affirmed by the Eighth District Court of Appeals on March 18, 1991.
 
 
 3
 On March 1, 1990, Malzeke filed for protection under Chapter 13 of the Bankruptcy Code. He converted the case to a Chapter 7 action on April 8, 1991. Thereafter, on July 19, 1991, Jelm instituted an adversary proceeding in the bankruptcy court by filing a complaint seeking to establish that his claim was nondischargeable.
 
 
 4
 The bankruptcy court granted summary judgment in favor of Jelm on the ground that Malzeke's debt was nondischargeable under 11 U.S.C. Sec. 523(a)(2)(A). Malzeke filed a notice of appeal to the district court on September 30, 1992. The district court affirmed the bankruptcy court's decision in a memorandum opinion and order filed August 1, 1994. This appeal followed.
 
 
 5
 The Sixth Circuit independently reviews the bankruptcy court's decision. Ciba-Geigy Corp. v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.), 946 F.2d 1237, 1240 (6th Cir. 1991). This court reviews the bankruptcy court's findings of fact under the clearly erroneous standard of review and reviews the bankruptcy court's conclusions of law under the de novo standard. Id. Upon review, we affirm.
 
 
 6
 The bankruptcy court properly applied collateral estoppel to those facts underlying the state court's finding of fraud in determining dischargeability under Sec. 523(a)(2)(A). Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in an earlier case. Allen v. McCury, 449 U.S. 90, 95 (1980). Collateral estoppel principles apply to dischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 285 n.11 (1991).
 
 
 7
 The fraud issue at stake in the bankruptcy proceeding was identical to that decided in the state court proceeding. For purposes of Sec. 523(a)(2)(A), a creditor must prove that: (1) the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor made a false representation with intent to deceive the creditor; (3) the creditor relied on the representation;(4) his reliance was reasonably founded; and (5) the creditor sustained loss as a result of the representation. Coman v. Phillips (In re Phillips), 804 F.2d 930, 932 (6th Cir. 1986) (per curiam).
 
 
 8
 Although it is difficult to sort out the specific behavior of Malzeke from the trial court's oral findings, it is clear that the court found that Malzeke had concealed the failure of the oil and gas venture by making statements recklessly and with an utter disregard as to their truth or falsity, with the intent of misleading Jelm and inducing him to rely on such representations. The state court tried each element necessary for a determination of fraud, each being fully and actually litigated. The state court based its damage award of $58,699.98 explicitly upon its finding of fraud. Thus, because the damages awarded here were unavailable absent an independent finding of fraud, the state court's determination that Malzeke defrauded Jelm was necessary to its judgment. Collateral estoppel, therefore, barred relitigation of the fraud issue and bound the bankruptcy court's fraud analysis under Sec. 523(a)(2)(A).
 
 
 9
 In his appellate brief, Malzeke argues that Jelm's judgment against him is dischargeable because Jelm did not prove that Malzeke "personally" received money from Jelm by means of his fraud. This argument was not raised in either the district court or bankruptcy court and is not reviewable on appeal. See Charles v. Catlettsburg Fed. Sav. & Loan Ass'n (In re Charles), No. 93-5439, 1993 WL 406794, 1993 U.S. App. LEXIS 26754 (6th Cir. Oct. 8, 1993) (order) (citing White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir. 1990)).
 
 
 10
 Finally, the foregoing makes unnecessary any determination of the request to strike the state trial court transcript from the record on appeal.
 
 
 11
 Accordingly, the district court's order is affirmed.