**In re Jimmy Wayne TEEL & Lori Ann Teel, Debtors.**

**Bankruptcy No. 89–50011–SJ–2–13.**

United States Bankruptcy Court, W.D. Missouri.

March 9, 1989.

Stephen B. Strayer, Liberty, Mo., for debtors.

Ken Weinfurt, Asst. U.S. Atty., Kansas City, Mo.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtors, formerly farmers, filed a Chapter 13 proceeding. The Farmers Home Administration (FmHA) filed objections to confirmation alleging that debtors had not filed the proceeding in good faith. FmHA's pique was aroused by two events in the past. In 1986, debtors had executed a financial statement which represented that they were possessed of certain livestock when in fact they had previously sold said livestock. Debtors claim that fact was known to the Assistant County Supervisor who took the financial statement, but whether FmHA knew or not is really not material to this decision. Further debtors sold the 1986 crop which had a lien on it in favor of FmHA. Debtors paid their crop expenses and household bills from the proceeds and paid FmHA only $6,800.00 instead of the some $20,000.00 they received. The debtors are no longer engaged in farming. Debtors' plan calls for the payment to the Trustee of all of debtors' disposable income for sixty (60) months.

The Court finds that debtors' plan was filed in good faith. The Eighth Circuit has provided bankruptcy courts with an excellent yardstick with which to measure the issue of good faith. In *In re Estus*, 695 F.2d 311 (8th Cir.1982) the Court outlined the factors to be considered by the bankruptcy judge in determining the issue of good faith. Applying that standard to the instant facts, the Court has no problem in determining that this Chapter 13 proceeding was filed in good faith.

Further, since *Estus*, Congress has amended the provisions of Chapter 13, and there are a number of cases which lean toward the proposition that any Chapter 13 plan which proposes funding by application of all disposable income of the proposed debtor for at least 36 months is in good faith. E.G., see *Matter of Chaffin*, 816 F.2d 1070 (5th Cir.1987). While this Court is not ready to support totally such a broad statement of principle, having seen some death bed repentances which it doubted swung wide the gates to heaven, the amendments must be given weight in determining the issue of what Congress intended as "good faith".

Albeit, under either test, FmHA has failed to support a contention of lack of good faith. FmHA's objections are OVERRRULED. Debtors' plan may be confirmed if the Chapter 13 Trustee finds it to be in order.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.