**In re Betty J. (Jean) LITTLE aka Jeanne Little, Debtor.**

**Bankruptcy No. 2–90–01929.**

United States Bankruptcy Court, S.D. Ohio, E.D.

July 24, 1990.

Robert M. Hoskinson, Columbus, Ohio, for debtor.

Richard L. Gerhardt, Circleville, Ohio, for PCSE Federal Credit Union.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

Charles M. Caldwell, Office of the United States Trustee, Columbus, Ohio, Asst. U.S. Trustee.

## OPINION AND ORDER

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Introduction*

This matter is before the Court upon an objection to the confirmation ("Objection") of a Chapter 13 plan proposed by the debtor, Betty J. Little ("Debtor"). The Objection was filed by PCSE Federal Credit Union ("PCSE") and was heard on June 26, 1990, at an evidentiary hearing held to consider confirmation of the Debtor's plan.

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. The Court is empowered to hear and determine this matter in accordance with 28 U.S.C. § 157(b)(1) and (6)(2)(L). This opinion and order shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### II. *Arguments of the Parties*

PCSE argues that the Debtor's plan has been proposed in bad faith and, therefore, cannot be confirmed. In specific, the Objection cites the following three impediments to confirmation of the Debtor's plan:

A. The plan violates § 1325(a)(3) because it was not proposed in good faith. In support of this objection, PCSE asserts that the Debtor failed to list outstanding debts on several credit applications with PCSE, upon which PCSE relied to its detriment in extending credit to the Debtor. Because such conduct would result in a nondischargeable debt under Chapter 7 of the Bankruptcy Code, PCSE contends that the plan's proposal to repay it less than its full claim evidences bad faith.

B. The plan violates § 1325(a)(4) because PCSE would receive more on its allowed unsecured claim if the Debtor had filed a petition for relief pursuant to Chapter 7.

C. The plan violates § 1325(a)(6) because it is not feasible.

At the hearing, PCSE withdrew the objections premised on §§ 1325(a)(4) and (6); it, therefore, bases its entire objection on Debtor's alleged failure to propose her plan in good faith.

PCSE alleges that the Debtor intentionally omitted some of her debts on two loan applications submitted to PCSE prior to the filing of the Chapter 13 case so that she could qualify for a loan from PCSE. According to PCSE, the Debtor first became aware of its so-called "debt-to-income" ratio guidelines when PCSE denied her an extension of credit for the purchase of an automobile. After gaining an understanding of these guidelines, PCSE argues that the Debtor knowingly manipulated two subsequent loan applications so as to qualify for a loan.

The Debtor denies the commission of fraud or similar wrongdoing in completing applications for loans from PCSE. Although the Debtor alleges that PCSE failed to establish that she intentionally omitted outstanding obligations on the subject loan applications, or that she has proposed her plan in bad faith, she readily admits that she failed to list the debts in question on the applications.

### III. *Findings of Fact*

The Debtor's plan is fifty-eight months in duration and provides a twenty-five percent dividend to the holders of unsecured claims. The plan also proposes a one hundred percent payment to holders of secured claims and persons holding checks which were returned for insufficient funds. The Chapter 13 trustee recommends that the plan be confirmed.

PCSE has filed two proofs of claim. One claim is for $7,302.22, secured by a 1989 Chevrolet automobile valued at $5,150 by PCSE. The other claim is for $1,476.44 and is completely unsecured. Thus, PCSE has a secured claim equal to the value of the automobile and unsecured claims for the deficiency and for $1,476.44. The plan will pay PCSE's secured claim in full, with interest, and its unsecured claims at a 25 percent dividend.

The Debtor has a high-school education and is employed as a school bus driver for the Teays Valley (Ohio) Board of Education. The Debtor earns approximately $15,000 annually and receives child support for her daughter's benefit. The Debtor has made all required pre-confirmation payments to the Chapter 13 trustee. The Debtor has listed all prepetition creditors in her bankruptcy schedules and has submitted an exceedingly reasonable household budget for her Chapter 13 plan.

The Debtor is inexperienced in preparing loan documents; although she reviewed the subject loan applications in the presence of PCSE's loan officer, she really did not understand them. The Debtor's pre-plan conduct was not dishonest; at worst, it could be viewed as questionable. The Debtor is making a sincere and honest effort to repay her creditors.

### IV. *Conclusions of Law*

#### A. Preliminary Matter

Implicit within Chapter 13 is the role of the court in presiding over the confirmation process. As stated in *Matter of Kull,* 12 B.R. 654, 658 (S.D.Ga.1981):

> If confirmation depended entirely upon arithmetical computations or the absence of illegal activity in the case, there would be no need for a judge. Confirmation of a Chapter 13 plan requires the exercise of judicial discretion and assessment of evidence by a bankruptcy judge. The good faith requirement is one of the central, perhaps the most important confirmation finding to be made by the court in any Chapter 13 case. Each case must be judged on its own facts…. Chapter 13 cases must proceed on an individual, subjective consideration of the evidence and circumstances peculiar to each….

Thus, the bankruptcy court has the discretion to determine on a case-by-case basis whether a debtor has offered to his or her creditors a plan of repayment which satisfies the purposes and spirit of Chapter 13.

#### B. 11 U.S.C. § 1325(a)(3)—The "Good-Faith Requirement"

In assessing the merits of the case at bar, the parties agree that the

Court must determine whether the Debtor has complied with 11 U.S.C. § 1325(a)(3), the so-called "good-faith requirement." Section 1325(a)(3) provides, in pertinent part, as follows:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> . . . .
>
> (3) the plan has been proposed in good faith and not by any means forbidden by law.

A finding that a plan has been proposed in good faith is essential to the confirmation of every Chapter 13 plan. *In re Carver*, 110 B.R. 305 (Bankr.S.D.Ohio 1990); *In re Rose*, 101 B.R. 934 (Bankr.S.D.Ohio 1989); *In re Keffer*, 87 B.R. 509 (Bankr.S.D.Ohio 1988); *In re Pierce*, 82 B.R. 874, 880 (Bankr.S.D.Ohio 1987); *Matter of Davis*, 68 B.R. 205, 209 (Bankr.S.D.Ohio 1986). The historical meaning of good faith dictates that the proposed plan of reorganization conform with the provisions, purposes, and spirit of Chapter 13.

Relying on the Sixth Circuit Court of Appeals reasoning in *Metro Employees Credit Union v. Okoreeh–Baah (In re Okoreeh–Baah)*, 836 F.2d 1030 (6th Cir.1988), the Debtor urges the Court to view the "totality of the circumstances" in assessing whether her Chapter 13 plan should be confirmed. Clarifying its previous decision in *Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427 (6th Cir.1982),[1] the Sixth Circuit, in *Okoreeh–Baah*, stated as follows:

> Good faith is an amorphous notion, largely defined by factual inquiry. In a good faith analysis, the infinite variety of factors facing any particular debtor must be weighed carefully. We cannot here promulgate any precise formulae or measurements to be deployed in a mechanical good faith equation. The bankruptcy court must ultimately determine whether the debtor's plan, given his or her individual circumstances, satisfies the purposes undergirding Chapter 13: a sincerely-intended repayment of pre-petition

debt consistent with the debtor's available resources. The decision should be left simply to the bankruptcy court's common sense and judgment.

> . . . .

> Accordingly, we hold that *Memphis* did not establish a *per se* rule, and that courts should take into account the totality of the circumstances confronting a debtor, not simply his or her pre-plan conduct, when deciding whether or not to confirm a Chapter 13 plan.

836 F.2d at 1032–34 (footnote omitted). The Sixth Circuit, therefore, has stated clearly that bankruptcy courts must assess all the facts and circumstances of a particular case before deciding whether to grant or deny confirmation of a Chapter 13 plan.

In espousing a good-faith analysis which takes into account the totality of a debtor's circumstances, the Sixth Circuit in *Okoreeh–Baah* adopted as a measure the twelve-factor inquiry postulated by the bankruptcy court in *Matter of Kull*, 12 B.R. 654, 659 (S.D.Ga.1981). The *Kull* list includes:

> (1) the amount of the proposed payments and the amount of the debtor's surplus;

> (2) the debtor's employment history, ability to earn and likelihood of future increase in income;

> (3) the probable or expected duration of the plan;

> (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

> (5) the extent of preferential treatment between classes of creditors;

> (6) the extent to which secured claims are modified;

> (7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

1. In *Memphis Bank,* the Sixth Circuit concluded that when prepetition conduct is questionable, but not shown to be dishonest, one way to deal with the problem is to require full repayment in accordance with the contract involved. *Memphis Bank,* 692 F.2d at 432. However, where the Debtor's conduct is dishonest, the plan simply should not be confirmed. *Id.*

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief;

(11) the burden which the plan's administration would place upon the trustee; and,

(12) whether the debtor is attempting to abuse the spirit of the Bankruptcy Code.

836 F.2d at 132. Subsequently, in *Hardin v. Caldwell (In re Caldwell)*, 851 F.2d 852, 859–60 (6th Cir.1988) ("Caldwell I"), the Sixth Circuit indicated a preference for the similar list of eleven factors set forth in *In re Estus*, 695 F.2d 311, 316–17 (8th Cir. 1982). The court reviewed the two lists presented in *Kull* and *Estus* and concluded that the list provided in *Estus* is a "particularly succinct and clear statement of some of the factors that a court may find meaningful in making its determination of good faith." *Caldwell I*, 851 F.2d at 859 (quoting *In re Estus*, 695 F.2d at 317). Those factors are:

(1) the amount of proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increases in income;

(3) the probable expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and

(11) the burden which the plan's administration would place upon the trustee.

*Caldwell I*, 851 F.2d at 859 (quoting *In re Estus*, 695 F.2d 311, 317 (8th Cir.1982)) (citations omitted).

The court in *Caldwell I* supplemented the *Estus* list with the following considerations:

(1) whether the debtor is attempting "to abuse the spirit of the Bankruptcy Code," is a legitimate factor to consider;

(2) "good faith does not necessarily require substantial repayment of the unsecured claims;"

(3) the fact a debt "is nondischargeable under Chapter 7 does not make it nondischargeable under Chapter 13;" and

(4) the fact that a debtor seeks to discharge an otherwise nondischargeable debt is not, *per se,* evidence of bad faith but may be considered as part of the totality of the circumstances analysis.

*Caldwell I*, 851 F.2d at 859–60. Following *Caldwell I*, a different panel of the Sixth Circuit indicated a preference for the *Kull* list.

The *Kull* and *Estus* lists are nearly identical. Thus, this Court must consider those lists, along with the additional four considerations set forth in *Caldwell I*, in analyzing a particular debtor's good faith. Broadly stated, the Court must examine all the facts in order to determine the *bona fides* of the debtor.

■ After consideration of the totality of the circumstances, the Court concludes that the Debtor has met the good faith requirement of § 1325(a)(3). Despite PCSE's allegations of dishonest and questionable prepetition conduct by the Debtor, the Court's examination of the record leads it to the conclusion that PCSE simply has not established that confirmation of the Debtor's plan should be denied. More importantly,

perhaps, the Debtor has established that her plan has been proposed in good faith.

■ While the Court is cognizant of the fact that a debt obtained through fraud generally cannot be discharged under Chapter 7 of the Bankruptcy Code, the "super discharge" provided in § 1328(a) allows the debtor to repay his or her obligations over time from disposable income and still be entitled to discharge all debts.[2] *See also Hardin v. Caldwell (In re Caldwell)*, 895 F.2d 1123 (6th Cir.1990) ("Caldwell II"). An attempt to discharge a debt under Chapter 13 which is nondischargeable under Chapter 7 is not conclusive evidence that a Chapter 13 plan has been proposed in bad faith. *Caldwell I*, 851 F.2d at 859–60; *Caldwell II*, 895 F.2d at 1127. In *Caldwell II*, the court, in denying confirmation of debtor's plan, took into consideration that the debt in question was incurred through the debtor's own criminal or tortious conduct. The court emphasized that it was the debtor's actions *since* the judgment to avoid paying it that were most important in its inquiry of the debtor's good faith:

> Although we consider as a factor what Caldwell did to incur the judgment, it is what he has done since the judgment to avoid paying it that is most important. Our decision rests on much more than the fact that this debt is not dischargeable under Chapter 7; it rests on Caldwell's unrelenting efforts to reduce the assets available to his creditors, to make only minimal payments and over the shortest possible time, and to make even those only when threatened with garnishment. The plan before us was not tendered in good faith, but was one more effort to avoid paying the judgment creditors.

*Id.*

Here, the Debtor's proposal of a Chapter 13 plan was not motivated by a desire to avoid payment to PCSE or other creditors. The Debtor has proposed this five-year plan with the intention of repaying all her creditors to the best of her ability.

■ PCSE asserts that the Debtor's inability to discharge her debt in a Chapter 7 case should preclude the discharge of that debt in a Chapter 13 case. It would appear that PCSE bases its contention on § 523(a)(2)(B), which excludes the discharge of any debt to the extent it was obtained by use of a materially false written statement respecting the debtor's financial condition on which the creditor relied. A debtor must have caused to be made or published such false financial statement with the intent to deceive the creditor. In this case, PCSE has not persuaded the Court that the Debtor intended to deceive it in connection with the submission of completed loan applications. But, even if such intent had been shown, the Court believes the Debtor proposed her plan in good faith.

The Debtor's omission of some debts on her loan application to PCSE and issuance of bad checks evidences questionable prepetition conduct. Having examined the Debtor's demeanor and her overall *bona fides*, the Court believes, nonetheless, that the Debtor has displayed an honest and sincere desire to participate in the Chapter 13 remedy as Congress contemplated its operation. No evidence was adduced suggesting that the Debtor had misrepresented facts in her plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed her Chapter 13 plan in an inequitable fashion. *See Street v. Lawson (In re Street)*, 55 B.R. 763 (9th Cir. BAP 1985); *In re Teel*, 97 B.R. 552 (Bankr.W.D.Mo. 1989); *In re Krull*, 54 B.R. 375 (Bankr.D. Colo.1985).

■ Further, the Debtor has proposed to pay all her disposable income into the plan over the next fifty eight months. Section 1322(c) of the Bankruptcy Code only requires that a debtor repay her creditors

---

**2.** 11 U.S.C. § 1328(a) requires the court to grant the debtor a discharge as soon as practicable after the completion of all payments under the plan. The discharge is of all debts except alimony, maintenance, or support, and certain long- term obligations specially provided for under the plan. H.Rept. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 430–431, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6386.

over a three-year period, but where, as in the present case, the debtor desires to repay a higher percentage of her debts the three-year period can be extended, at the debtor's request and with the court's permission, to as long as five years. Debtor's plan is just two months shy of the maximum length permitted by law.

There are other indicators of Debtor's good faith. A review of the Debtor's petition indicates no attempt to inflate her budget; on the contrary, the Debtor's lifestyle easily can be classified as spartan. Further, the Debtor's employment suggests that significant increases in her income are unlikely and that she is employed in a position commensurate with her education. The plan and its accompanying statements are accurate, and there is no prohibited preferential treatment of creditors except as permitted by law. This is the first time Debtor has sought relief in this Court.

Having thoroughly examined the totality of the circumstances, including the Debtor's prepetition and postpetition conduct, the Court concludes that the plan has been proposed in good faith and is entitled to confirmation. Balancing the fact that this debt might be found nondischargeable under a Chapter 7 scenario and that the Debtor issued checks backed by insufficient funds against the numerous indicia of good faith, the Court believes that denial of confirmation or full repayment of PCSE's claim is unwarranted. Accordingly, PCSE's Objection is hereby OVERRULED and an order confirming the plan shall be entered upon submission of a proposed order by the Debtor's counsel.

IT IS SO ORDERED.