In re WRECCLESHAM GRANGE, INC.
p/d/b/a Alabama Heights d/b/a
Alabama Oaks, Debtor.

**Bankruptcy No. 97–01491–6J1.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 15, 1997.

Wrecclesham Grange, Inc., Winter Park, FL, for Debtor.

Kenneth D. Herron, Jr., Orlando, FL, for Debtor.

Donald G. Morrison, Altamonte Springs, FL, for Movant.

*ORDER GRANTING MOTION BY DEN-NIS M. DEAN AND JAMES M. DEAN TO ALTER OR AMEND THE ORDER DENYING RELIEF FROM STAY AND/OR ADEQUATE PROTEC-TION*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on September 24, 1997, on Dennis M. Dean and James M. Dean's ("Creditors") Motion (the "Motion") to Alter or Amend the Order Denying

Relief From Stay and/or Adequate Protection (Doc. No. 49). On June 23, 1997, Creditors originally filed a motion seeking relief from the automatic stay under Sections 362(d)(1), (d)(2), and (d)(3) of the Bankruptcy Code (Doc. No. 32). On July 30, 1997, the Creditors' original motion was denied (Doc. No. 42). In connection with the relief sought under Sections 362(d)(2) and (d)(3), the evidence did not justify any relief and does not now justify any revision. In connection with the relief previously sought under 362(d)(1), the Court held that the Creditors did not have an enforceable security interest in the Debtor's postpetition rents and were not entitled to adequate protection for the Debtor's use of the postpetition rents.

However, the Creditors were encouraged to submit a motion for reconsideration if they could establish their entitlement to adequate protection payments. In response, the Creditors' filed the current Motion. Wrecclesham Grange, Inc. ("Debtor") continues to contend that Creditors do not have a security interest in the postpetition rents generated by the Property subject to the Creditors' mortgage. After considering the evidence presented, reviewing the pleadings and considering the arguments of counsel and applicable law, the Motion is granted.

*Acquisition of the Property and Mortgage Agreement.* On September 13, 1989, Creditors executed a mortgage agreement (the "Mortgage") and two promissory notes with Dianne Bissett and Daniel Bissett relating to real property located in Orlando, Florida (the "Property"). Creditors' Exhibit 1. On November 30, 1990, Creditors modified the Mortgage to permit Dianne Bissett to convey the Property to Rambles Hotel, Inc. ("Rambles"). Rambles in turn sold the Property to Keith Geniau and Gary John Symonds. Mr. Geniau and Mr. Symonds then created the Debtor to hold legal title to the Property. Creditors' Exhibit 2.

Under the Mortgage, the Creditors received a security interest in the Property and in the "rents, issues and profits" generated by the Property. Under the mortgage modification agreement, the Debtor agreed to assume all of the terms of the original promissory notes and the Mortgage. Among the many terms which the Debtor assumed was the provision granting the Creditors a security interest in the "rents, issues and profits" derived from the Property.

*Events Leading up to the Bankruptcy.* The Debtor operates an assisted adult living facility on the Property and provides services and amenities for its residents as well as a place to live. On February 1, 1992, Debtor defaulted under the Mortgage and executed a settlement stipulation with Creditors to avoid a foreclosure action. Creditors' Exhibit 3. Under the settlement stipulation, Debtor agreed to pay a certain sum monthly and to bring the property taxes current. Debtor later stopped making payments to Creditors and failed to keep the property taxes current. On the day prior to the scheduled hearing to enforce the settlement stipulation, Debtor filed this Chapter 11 case on February 21, 1997 (the "Petition Date"). For purposes of this Motion, Creditors and Debtor agreed that Creditors' claim was $910,846.53 and that the Property was valued at $650,-000.00. As such, the Creditors acknowledge they are undersecured creditors.

*Burden of Proof for Relief from the Stay due to Lack of Adequate Protection.* The burden of proof on a motion for relief from stay, under 362(d)(1) of the Bankruptcy Code, is a shifting one. *Sonnax Industries, Inc. v. Tri Component Prods. Corp. (In re Sonnax Industries),* 907 F.2d 1280, 1285 (2d Cir.1990). The moving party must carry the initial burden of showing that it is entitled to relief before the debtor is obligated to go forward with its proof. *In re Elmira Litho, Inc.,* 174 B.R. 892, 902 (Bankr.S.D.N.Y.1994). Here, the moving party must prove that the value of its collateral is declining as a result of the stay. *Id.* Failure to prove that the collateral is declining as a result of the stay requires a court to deny the requested relief. *Id.*

Once the moving party satisfies this initial burden, the burden shifts to the debtor to go forward with evidence. *Id.* The debtor has the burden of proof to show that the collateral is not declining in value, the secured creditor is adequately protected through periodic payments, an equity cushion

exists, or the prospects are good for a successful reorganization. *Id.*

■ *Security Interest in the Rents.* Section 552 of the Bankruptcy Code governs whether a security interest in rents remains enforceable postpetition. Specifically, Section 552(b)(2) provides that a mortgagee holding a valid prepetition assignment of rents is enforceable against postpetition rents and may justify adequate protection. *Lyons v. Federal Savings Bank (In re Lyons)*, 193 B.R. 637, 649 (Bankr.D.Mass. 1996). The legislative history behind Section 552(b)(2) indicates that it was intended to obviate the need to comply with any additional requirements imposed by state law. *Id.* Thus, as long as a creditor holds a valid prepetition security agreement which extends to rents, the postpetition rents will be subject to the security agreement and constitute cash collateral regardless of whether all state perfection requirements are met. *In re Barkley 3A Investors, Ltd.*, 175 B.R. 755, 758 (Bankr.D.Kan.1994). For example, a security interest in "all rents, issues and profits" has been deemed sufficient to create an enforceable security interest in postpetition rents. *Financial Security Assurance, Inc. v. Tollman–Hundley Dalton, L.P.*, 74 F.3d 1120, 1121 (11th Cir.1996).

■ *Adequate Protection for Cash Collateral.* Rents, like cash proceeds of receivables or inventory, are cash collateral when included within a creditor's security interest. *In re Mullen*, 172 B.R. 473, 475 (Bankr. D.Mass.1994). When a creditor holding a rent assignment collects the rents, the creditor is foreclosing on the security interest. *Id.* However, a secured creditor is not entitled to immediate possession of the postpetition rents. *In re Barkley 3A Investors, Ltd.*, 175 B.R. at 759. Thus, a creditor otherwise entitled to collect postpetition rents may not collect the funds if a creditor's security interest is adequately protected. *Id.* Adequate protection is designed to assure that a secured creditor does not suffer a decline in the value of its interest in the estate's property while the automatic stay remains in effect. *In re Addison Properties Limited Partnership*, 185 B.R. 766, 769 (Bankr.N.D.Ill.1995), *citing United Savings Ass'n of Texas v. Tim-*

*bers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Therefore, an undersecured creditor does not lack adequate protection merely by reason of being undersecured. *In re Barkley 3A Investors, Ltd.*, 175 B.R. at 759.

■ To determine whether an entity is entitled to adequate protection and the type and the amount required, a court must evaluate the value of the collateral, the creditor's interest in the collateral, and the extent to which that value will decrease during the course of the bankruptcy case. *In re Megan–Racine Associates Inc.*, 202 B.R. 660, 663 (Bankr.N.D.N.Y.1996). With regards to rents, a court must look to the stream of future rents to determine whether adequate protection is required. *Id.* This is because the lien on each month's rents replaces the lien on the prior month's rents, so there is a replacement lien of equal value under Section 361 of the Bankruptcy Code. *Id.* Therefore, as long as the debtor generates a continuous income stream, the debtor's use of the rental income does not diminish the value of the collateral. *In re Megan–Racine Associates Inc.*, 202 B.R. at 663. The rationale is that the protected cash proceeds are being used to generate new collateral which will be of at least equivalent value of those replaced. *In re Mullen*, 172 B.R. at 477–78. Accordingly, if the underlying collateral is not declining in value, the additional cash collateral may be used by the debtor to pay administrative expenses as well as to maintain and improve the underlying collateral. *In re Addison Properties Limited Partnership*, 185 B.R. at 784.

■ However, if the stream of rents are declining, the renewal rents are not providing constant value. *In re Mullen*, 172 B.R. at 477–78. In this instance, adequate protection is necessary to protect the creditor's interest in the collateral while the automatic stay remains in effect. *In re Addison Properties Limited Partnership*, 185 B.R. at 769. Adequate protection can be provided in the form of cash payment, periodic cash payments, substitute liens, or some other means that provides an "indubitable equivalent" of the creditor's interest in the property. *Id.*

Without adequate protection, a creditor is entitled to relief from the automatic stay to pursue its remedies against the property. *Id.* at 770.

■ *Analysis.* Creditors argue that they have a enforceable security interest in the postpetition rents, that the postpetition rents are cash collateral, and that they are entitled to adequate protection payments. Under the Mortgage, Debtor assumed the prior agreement which granted the Creditors a security interest in the Property and any rents, issues and profits generated by the Property. Pursuant to Section 552(b)(2) of the Bankruptcy Code, Creditors therefore have a security interest in the postpetition rents, even though the interest was not properly perfected under Florida state law. Under Section 552(b)(2) of the Bankruptcy Code, courts no longer look to state law and Section 546(b) of the Bankruptcy Code to see if creditors have properly perfected their security interest in the rents prior to the bankruptcy filing. As such, the Court agrees that the Creditors have a valid security interest in any rents, profits or issues generated by the Property after the Petition Date and that such rents constitute cash collateral which the Debtor cannot use unless it can demonstrate the Creditors' interest is adequately protected. For purposes of the Creditors' original motion, Debtor and Creditors agreed the property is worth $650,000.00 and Creditors hold a $910,846.53 claim. However, simply because the Creditors' claim is undersecured is not determinative of whether they are entitled to adequate protection payments.

■ The primary issue is whether the value of the stream of postpetition rents is decreasing. The burden of proof is on the Creditors to prove that the value of its collateral is declining. After a careful review of the evidence, the Court could not ascertain sufficient evidence to demonstrate the stream of postpetition rents was declining or what amount, if any, the Creditors were entitled to receive as adequate protection. A further hearing to determine the appropriate amount of adequate protection needed will be held at 11:00 a.m. on October 29, 1997.

■ Creditors also argue that, because the postpetition rents are cash collateral, Debtor can only use the postpetition rents to maintain the property and must pay the rest of the money to the Creditors. This argument has no merit. As long as Creditors' security interest is adequately protected, Debtor can use the cash collateral to run the business.

Lastly, Creditors argue that Debtor's reorganization plan is unconfirmable because it pays Creditors only a small percentage of their unsecured claim. The confirmation of the Debtor's Chapter 11 plan and the Creditors' argument concerning the insufficiency of the Debtor's plan will be considered at the confirmation hearing which also is scheduled for October 29, 1997.

*Conclusion.* The Creditors hold a valid security interest in the Debtor's postpetition rent payments and may be entitled to adequate protection payments for the Debtor's use of the postpetition rents. The Motion is granted to a limited extent and in order to permit Creditors to establish the appropriate amount of adequate protection they are entitled to receive. A hearing is scheduled to determine the amount of adequate protection needed, if any, for 11:00 a.m. on October 29, 1997.