**In re Michael J. KOWALSKY and Suellen M. Kowalsky, Debtors.**

**Bankruptcy No. 98–62536.**

United States Bankruptcy Court,
E.D. Texas,
Tyler Division.

June 28, 1999.

---

Paul Pruitt, Tyler, Texas, for movant, The Auto Mall.

George Lemon, Winnsboro, Texas, for debtors, Michael J. Kowalsky and Suellen M. Kowalsky.

### MEMORANDUM OF DECISION REGARDING MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY THE AUTO MALL

BILL G. PARKER, Bankruptcy Judge.

This matter is before the Court upon the Motion for Relief from Automatic Stay (the "Motion") filed by The Auto Mall ("Movant") which seeks stay relief in order to proceed to foreclose its security interest in a 1991 Pontiac Firebird automobile (the "Vehicle") owned by the Debtors, Michael and Suellen Kowalsky ("Debtors"). Based upon the Court's consideration of the pleadings, the evidence admitted at the hearing, including taking judicial notice of the record in a previous hearing in this case conducted on November 12, 1998, and the argument of counsel, the Court makes the following findings of fact and conclusions of law [1] pursuant to Fed.R.Civ.P. 52,

---

1. To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional

as incorporated into contested matters in bankruptcy cases by Fed.R.Bankr.P. 7052 and 9014.

## I. *JURISDICTION.*

This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). The Court has the authority to enter a final order regarding this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (G), and (O).

## II. *FINDINGS OF FACT.*

On February 3, 1998, Michael and Suellen Kowalsky executed a Motor Vehicle Retail Installment Contract for the purchase of a 1991 Pontiac Firebird for which the Movant, the Auto Mall, provided purchase-money financing.[2] To secure the payment of the indebtedness under the contract, which was approximately $9,000.00, the Debtors granted to the Movant a security interest in the vehicle. This security interest was properly perfected by its notation on the certificate of title to the vehicle.

The contract required the Debtors to make bi-weekly payments to the Movant. Notwithstanding such contractual obligations, the Debtors were unable to make some of the payments. Thus, based upon the Debtors' default, the Movant proceeded with efforts in October, 1998 to repossess the vehicle. After locating the vehicle at Winnsboro High School to which the Debtors' son, an uninsured driver, had driven it, the Movant repossessed the vehicle and returned it to a location in Tyler, Texas.

On November 6, 1998, the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On November 12, 1998, the Court held an emergency hearing on a complaint to compel turnover of the vehicle under § 542 of the Bankruptcy Code. At the conclusion of an evidentiary hearing, the Court ordered the Movant to turnover possession of the vehicle to the Debtor immediately. Pursuant to the agreement of the parties, the Movant complied with the Court's order on November 13, 1998. Subsequent to the turnover order, the Movant filed the present motion for relief from the automatic stay against the Debtors, asserting various grounds, including allegations that its interests in the vehicle were not being adequately protected by the Debtor[3] and that the vehicle was not necessary for the effective reorganization of the Debtor.

There is no dispute between the parties that the Movant holds a valid and subsisting claim against the Debtors and that the payment of such claim is secured by a valid and perfected lien upon the vehicle. There is also no dispute that the Debtors possess no equity in the vehicle. However, it is also uncontroverted that the Debtors are current in their payments to the Chapter 13 Trustee under their proposed plan which addresses the secured claim of the Movant. The Debtors' testimony that the vehicle is now the Debtors' sole source of transportation since their second vehicle is no longer operable also stands without contradiction. No evidence was presented as to the current value of the vehicle nor was any evidence presented concerning the

findings and conclusions as necessary or as may be requested by any party.

2.  The Movant devoted significant time in both hearings in trying to develop evidence that the Debtors had fraudulently induced him to finance the car by utilizing their son's paycheck stub as proof of income. The Debtors have denied this. As explained in section III, the Court makes no findings as to this issue since it is irrelevant to the determination of the Motion.

3.  The Movant's allegation that the Debtors had failed to provide proper insurance coverage on the vehicle was actually withdrawn by the Movant prior to the hearing. However, as set forth in section III, the evidence presented at the hearing regarding the use of the Vehicle by the Debtors' son reinserted that issue for the Court's consideration.

rate, if any, by which the vehicle is depreciating.

### III. *CONCLUSIONS OF LAW.*

§ 362(d) of the Bankruptcy Code provides that:

> [O]n request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section if:
>
> (A) the debtor does not have any equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

▮▮▮ In stay relief litigation, § 362(g) of the Bankruptcy Code allocates the burden of proof by imposing upon the party opposing stay relief the burden of proof on all issues other than the existence of the debtor's equity in the collateral under § 362(d)(2). *In re Christie*, 159 B.R. 780, 783 (Bankr.E.D.Tex.1993). However, though the party opposing stay relief, usually the debtor, has the ultimate burden of persuasion (or the risk of non-persuasion) as to all stay issues except the existence of equity, the party requesting relief from the stay must sustain an initial burden of production or going forward with the evidence to establish that a *prima facie* case for relief exists before the respondent is obligated to go forward with its proof. *Sonnax Industries, Inc. v. Tri–Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280 (2nd Cir.1990); *In re Powell*, 223 B.R. 225, 232 (Bankr.N.D.Ala. 1998). The debtor or other responding party is required to respond only as to those issues upon which the movant establishes a *prima facie* case. *In re Five Star Partners, L.P.*, 193 B.R. 603 (N.D.Ga.

1996). If a movant fails to make a *prima facie* showing, the court should deny the relief requested. *In re Keene Corporation*, 171 B.R. 180, 182 (Bankr.S.D.N.Y. 1994).

▮▮ .This procedure applies to all stay litigation. However, the evidence which a movant must produce in order to establish a *prima facie* case for relief will differ, depending upon the grounds upon which a movant bases its request for stay relief. In this case, the Movant seeks relief under both § 362(d)(1) and § 362(d)(2). Since those provisions are disjunctive, the Court must examine the evidence presented under each subsection to determine whether the movant has sustained its initial burden of production and, if so, to determine whether the respondent sustained its ultimate burden of persuasion.

▮▮ The Court will first address the issues raised under § 362(d)(2). A secured creditor who seeks relief from the automatic stay under § 362(d)(2) has the burden to demonstrate (1) the amount of its claim, (2) that its claim is secured by a valid, perfected lien in property of the estate, and (3) that the debtor lacks equity in the property. *In re Elmira Litho, Inc.*, 174 B.R. 892, 900–01 (Bankr.S.D.N.Y. 1994), citing *First Agricultural Bank v. Jug End in the Berkshires, Inc. (In re Jug End in the Berkshires, Inc.)*, 46 B.R. 892, 901 (Bankr.D.Mass.1985) and *In re Keller*, 45 B.R. 469, 471 (Bankr.D.Iowa 1984). Once the movant establishes such a *prima facie* case, the burden shifts to the debtor-respondent to show that the property is necessary for an effective reorganization. *Elmira Litho, Inc.*, 174 B.R. at 901.

▮▮ The Movant's *prima facie* case under § 362(d)(2) in this case is established by the agreement of the parties. Mr. Kowalsky admitted on direct testimony that the Movant holds a valid claim for the purchase of the subject automobile which is secured by a valid and perfected lien. The Debtors further acknowledged that they possess no equity in the vehicle.

Thus, the burden of persuasion shifted to the Debtors to demonstrate that the property is necessary for an effective reorganization. The Court finds that they sustained that burden by presenting testimony that the subject vehicle is the only operating automobile in their possession at the present time. Such testimony was not contradicted by the Movant. Thus, the Debtors have established that the vehicle is their only reliable form of transportation and the Court finds that this vehicle is necessary for an effective reorganization which precludes the granting of stay relief under § 362(d)(2).

■ The Movant, however, also seeks relief from the stay "for cause" under § 362(d)(1). The term "cause" is not defined in the Bankruptcy Code and, therefore, the courts are left to interpret its meaning on a case by case basis. *Matter of Reitnauer,* 152 F.3d 341 (5th Cir.1998); *In re Texas State Optical, Inc.,* 188 B.R. 552 (Bankr.E.D.Tex.1995). Since "cause" is such a fluid concept under the Code, the proof required to establish a *prima facie* case for cause under § 362(d)(1) cannot be as precisely identified as the standard under § 362(d)(2).

■ Though the existence of cause varies from case to case, a movant seeking to establish a *prima facie* case for cause should, at a minimum, be required to identify the factual and legal basis under which the movant believes that such cause exists. *Elmira Litho, Inc.,* 174 B.R. at 902. The asserted basis for relief will determine the scope of proof needed to satisfy a movant's initial burden of production. The Movant attempted to present a *prima facie* case establishing cause for granting relief from the stay through two primary grounds: fraudulent inducement and a lack of adequate protection.

■ The Court finds that the Movant's allegation that the Debtors fraudulently induced the Movant to extend credit for the vehicle, even if true, is insufficient to make a *prima facie* showing of cause for granting relief from the stay. This is particularly true in a Chapter 13 case such as this in which a debt, even if arising from a debtor's fraudulent act, will be dischargeable upon completion of a confirmed Chapter 13 plan. *In re Little,* 116 B.R. 615, 620 (Bankr.S.D.Ohio 1990).

■ However, the Movant further asserted that cause exists for granting relief from the stay because its interests in the Vehicle were not being adequately protected. While a respondent ultimately carries the burden of persuasion to establish that a movant's interests in certain collateral are adequately protected, the movant must again first establish a *prima facie* case that such cause exists. *In re Eatman,* 182 B.R. 386, 390 (Bankr.S.D.N.Y. 1995). To establish a *prima facie* case for cause due to a lack of adequate protection, a movant must initially demonstrate that it holds a claim, secured by a valid, perfected lien upon estate property and that a decline in the value of its collateral is either occurring or is threatened [4], against which the creditor is precluded from protecting its interests due to the existence of the automatic stay. *In re Elmira Litho, Inc.,* 174 B.R. 892, 902 (Bankr.S.D.N.Y.1994), citing *In re Sun Valley Ranches, Inc.,* 823 F.2d 1373, 1376 (9th Cir.1987) and other authorities. Once the movant presents this *prima facie* case, the burden shifts to the debtor-respondent to prove that the collateral is not declining in value or that the secured creditor is adequately protected. *In re Wrecclesham Grange, Inc.,* 221 B.R. 978, 980 (Bankr.M.D.Fla.1997). The determination of whether a creditor's interest is adequately protected is not an exact science nor does it involve a precise arithmetic computation. It involves a careful balancing of all relevant factors in a particular case, including the value of the

---

4. Such a "threat" of decline could include, for example, a debtor's failure to maintain adequate insurance on the collateral.

collateral, whether the collateral is likely to depreciate over time, the debtor's prospects for a successful reorganization and the debtor's performance under the plan. *In re Olick,* 221 B.R. 146, 161 (Bankr. E.D.Pa.1998). Other considerations may include the balancing of hardships between the parties and whether the creditor's property interest is being unduly jeopardized. *Id.*

■ The Debtors sought to uphold that burden by establishing that, in addition to maintaining insurance on the collateral, they are current on payments under their proposed plan which contemplates the complete satisfaction of the Movant's allowed secured claim. In the absence of any testimony either at the turnover hearing or at the stay hearing concerning the degree to which the Vehicle might be depreciating, the Court might agree with the Debtors and find that their successful performance to date under such a plan proposal is sufficient to provide adequate protection to the Movant.

Yet the Debtors' performance under the plan fails to address a serious problem which impacts the adequate protection of the Movant's interest in the vehicle. Movant successfully established that the Debtor's teenage son, whom the Debtors admit is not listed as an insured driver on the insurance policy covering this vehicle, operated the vehicle during the pre-petition period and, though the Debtors testified that their son had not driven the vehicle since the filing of the bankruptcy case, the Court finds such testimony to be implausible since the Debtors also testified that the Firebird is the only operating vehicle which they possess at the current time. Thus, even if the Debtors' testimony is true, the possibility exists that, at some point in the future, perhaps even without the consent of the Debtors, the vehicle will be operated by their teenage son. The Court finds that the risk of the occurrence of such an event is significant and further finds that the Movant's interest in the

collateral is inadequately protected because of that risk.

Yet such risk does not mandate the immediate termination of the automatic stay so as to allow the Movant to foreclose its security interest at this point. However, it does mandate the immediate attention of the Debtors. These Debtors could completely eliminate the risk to the Movant either by taking measures to insure that the vehicle is never operated by their son or by obtaining insurance coverage in the event that he drives the vehicle. However, the former option would require the Movant to exercise an excessive degree of diligence in insuring that the parents' prophylactic measures are, in fact, being enforced. To insert the Movant into the Debtors' domestic life to this extent would likely produce an undesirable result.

Therefore, the Court orders that the Motion of The Auto Mall for Relief from the Automatic Stay is granted in part and denied in part and that the continuation of the automatic stay provided under 11 U.S.C. § 362(a) as to the Debtors' 1991 Pontiac Firebird automobile is hereby conditioned upon the Debtors' fulfillment of the following conditions:

(1) that no person shall operate the vehicle other than those persons listed as insured drivers under the policy of insurance covering the vehicle;

(2) that the Debtors' teenage son shall be listed as an insured driver of the vehicle under the policy of insurance covering the vehicle within 20 days of the entry of the order implementing this opinion, with proof of the addition of the son to the insurance policy to be forwarded immediately to the Movant;

(3) that such insurance, listing the Debtors and their teenage son as insured drivers of the vehicle, shall be maintained upon such vehicle at all times during the pendency of this case until such time as the Movant's secured claim is paid in full; and

(4) that the Debtors shall at all times remain current in their payments to the

Chapter 13 Trustee pursuant to their proposed Chapter 13 Plan.

Should the Debtors fail to maintain any of these conditions, the Movant shall provide written notice of such default to the Debtors and their attorney by certified United States Mail, return receipt requested. If the Debtors fail to cure such default within ten (10) days of their receipt of such notice, then the automatic stay shall automatically terminate without further notice, hearing, or order of this Court and the Movant shall file a certificate with the Court to evidence the termination of the stay. Further, the Debtors shall be allowed only one opportunity to cure any default of the conditions set forth by this Court. Upon the second incidence of default, the automatic stay shall automatically terminate without further notice, hearing, or order of this Court and the Movant shall file a certificate with the Court to evidence the termination of the stay.

An order will be entered which is consistent with this opinion.