**In re Adolfo DE CESPEDES, Debtor.**

**Bankruptcy No. 96–10215–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Oct. 25, 1999.

Michael A. Frank, North Miami, Florida, for the debtor.

Javier Perez–Abreu, Perez–Abreu & Martin–Lavielle, P.A., Coral Gables, Florida, for Maggie De Cespedes.

David Bakalar, Law Offices of David J. Stern, P.A., Plantation, Florida, for Leader Federal Bank.

Alan L. Goldberg, Coconut Grove, Florida, Trustee.

Audrey R. Goldman, Special Assistant U.S. Attorney, Small Business Administration, Miami, Florida.

**ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR DISBURSEMENT OF ESCROWED POST–PETITION RENTAL PROCEEDS**

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court on April 13, 1999 upon UNITED STATES OF AMERICA'S Motion for Order of Disbursement of Escrowed Post–Petition Rental Proceeds, and the Court having considered the Motion and Memo-

randum of Law submitted by the UNITED STATES OF AMERICA, and having considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

The facts relevant to the instant Motion are not in dispute. At the time of the filing of the bankruptcy, the Debtor was the owner of certain residential real estate from which he was collecting a monthly rent. The real estate was subject to a first mortgage in favor of Leader Federal Bank and a second mortgage in favor of the United States Small Business Administration. Both mortgages contained a valid assignment of rents clause which entitled the mortgage holder to all rents and profits accruing after the date of default.

During the bankruptcy proceeding, the first mortgagee, Leader Federal, obtained relief from stay to foreclose its mortgage. In the state court foreclosure action, Leader Federal filed a motion for assignment of rent proceeds as was permitted by the terms of its mortgage. The state court judge entered an order for assignment of the rents wherein she directed that the money be paid directly into the court registry.

Prior to the completion of the foreclosure action, this Court entered an order granting the Debtor's emergency motion to sell the subject property. The Debtor sold the property for $490,000.00 and paid the first mortgagee, Leader Federal, in full. The Small Business Administration, as second mortgagee, received the net proceeds in the amount of $39,514.11. These proceeds were applied to reduce the outstanding principal balance on the Small Business Administration loan, but did not pay the loan in full.

Subsequent to the sale of the property, the UNITED STATES OF AMERICA, on behalf of Small Business Administration, filed a motion in the state court proceeding for disbursement of the remainder of the rent proceeds. The Debtor, ADOLFO DE CESPEDES, and his former wife, Maggie De Cespedes, both claimed an interest in the subject moneys. At a hearing on the UNITED STATES' motion, the state court judge ruled that the rent proceeds would remain in Leader Federal attorney's trust account pending a determination by the bankruptcy court as to who is entitled to the money.

On April 13, 1999, a hearing was held in this Court on UNITED STATES OF AMERICA'S Motion for Order of Disbursement of Escrowed Post–Petition Rental Proceeds. The UNITED STATES argued that pursuant to 11 U.S.C. § 552(b)(2), as amended by the Bankruptcy Reform Act of 1994, Small Business Administration was entitled to the full amount of the post-petition rents. Specifically, the UNITED STATES argued that under the amended version of 11 U.S.C. § 552(b)(2), the Small Business Administration had a valid security interest in the post-petition rents notwithstanding that the Agency failed to perfect its lien as required by Florida law.[1] The UNITED STATES submitted a memorandum of law in support of its argument wherein it cited various case law, including an Eleventh Circuit case that discussed the amended version of the statute. The Debtor argued that the Small Business Administration was not entitled to the post-petition rents as the Agency failed to perfect its lien prior to the filing of the bankruptcy. The Debtor did not present any case law in support of its argument.

The issue before this Court is whether Small Business Administration has a valid lien on the post-petition rental proceeds notwithstanding that the Agency failed to make demand upon the Debtor as required by Florida law. This Court finds that pursuant to 11 U.S.C. § 552(b)(2), as

---

1. Fla.Stat. § 697.07(3) provides that an assignment of rents shall be enforceable upon the mortgagor's default and upon written demand for the rents made by the mortgagee to the mortgagor.

amended by the Bankruptcy Reform Act of 1994, Small Business Administration has a valid security interest in the post-petition rents even though it failed to comply with state law requirements. Thus, Small Business Administration is entitled to the full amount of the post-petition rental proceeds and such rents should be immediately turned over to the Agency.

Prior to the Bankruptcy Reform Act of 1994, 11 U.S.C. § 522(b)(2) provided in pertinent part the following:

> ... (I)f the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property acquired by the debtor before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement *and by applicable nonbankruptcy law* ...

(emphasis added). Under this version, the Florida bankruptcy courts have consistently interpreted the wording "and by applicable nonbankruptcy law" to imply that a mortgagee has a post-petition security interest in rents only to the extent that their security interest has been perfected under applicable state law procedures. *See In re Mears,* 88 B.R. 419 (Bankr.S.D.Fla.1988). Thus, in Florida, prior to the 1994 Amendments, a mortgagee was denied its interest in post-petition rents if it failed to make demand upon the debtor prior to the filing of the bankruptcy.

The Bankruptcy Reform Act of 1994 amended 11 U.S.C. § 552(b)(2) in pertinent part as follows:

> ... (I)f the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property acquired by the debtor before the com-

mencement of the case and to amounts paid as rents of such property or the fees, charges, accounts, or other payments for the use or occupancy of rooms ... in hotels, motels or other lodging properties, then such security interest extends to such rents and such fees, charges, accounts or other payments acquired by the estate after the commencement of the case to the extent provided in such security agreement....

The most notable change to this section, as it pertains to the facts of this case, is the deletion of the words "and by applicable nonbankruptcy law." In deleting these words, it is clear that Congress intended to eliminate the need for a mortgagee to comply with state law requirements in order to have a valid security interest in post-petition rents. Thus, in Florida, under the amended version of § 552(b)(2), a mortgagee has a perfected security interest in post-petition rents even if it fails to make demand upon the debtor prior to the filing of the bankruptcy.

Although there are no cases in the Southern District of Florida that discuss the amended version of § 552(b)(2), the bankruptcy court in the Middle District of Florida recently addressed the 1994 changes in a case styled *In re Wreccleshampton Grange, Inc.,* 221 B.R. 978 (Bankr. M.D.Fla.1997). In that case, the debtor argued that the mortgagee did not have a valid security interest in the post-petition rents because it failed to perfect its lien under Florida law. In construing § 552(b)(2), the bankruptcy judge in the Middle District of Florida held that the mortgagee did have a valid security interest in the post-petition rents, even though its interest was not properly perfected under state law. *Id.* at 982. In reaching this decision, the judge noted that under § 552(b)(2), the bankruptcy courts no longer look to state law to see if a creditor has properly perfected its security in rent proceeds prior to the filing of the bankruptcy. *Id.* The court further noted that the legis-

lative history behind § 552(b)(2) indicates that it was intended to obviate the need for a mortgagee to comply with any additional requirements imposed by state law. *Id.* at 981.

The Eleventh Circuit, in *Financial Security Assurance v. Tollman–Hundley Dalton,* 74 F.3d 1120 (11th Cir.1996), considered a similar issue under 11 U.S.C. § 552(b) prior to the 1994 Amendments. In that case, the mortgagee claimed a security interest in hotel revenues collected during the period between the filing of the bankruptcy petition and the foreclosure sale of the mortgaged property. *Id.* at 1122–23. The district court, in affirming the decision of the bankruptcy court, held that the mortgagee did not have a valid security interest in the post-petition revenues based on the finding that under Georgia law, hotel revenues did not constitute rents for the purposes of § 552(b)(2). *Id.* at 1122. The Eleventh Circuit found that the district court improperly looked to state law to define the language of § 552 and reversed the decision. *Id.* at 1124. In reaching this conclusion, the court noted that the reference in § 552(b)(2) to "applicable nonbankruptcy law" did not suggest that state law defines the language of the statute. *Id.* Instead, the court found that under BLACK'S LAW DICTIONARY, hotel revenues did constitute rents for purposes of § 552(b)(2). Based on this finding, the court held that the mortgagee had a valid security interest in post-petition rents notwithstanding Georgia law. *Id.*

In a concurring portion of the *Tollman* opinion, Judge Clark noted that the 1994 version of § 552(b)(2) would also require a similar finding. *Id.* at 1125. Specifically, he stated that under the amended statute, lenders will have a valid security interest in post-petition rents for bankruptcy purposes notwithstanding their failure to have fully perfected their security interest under applicable state law. *Id.* at 1126. Although Judge Clark disagreed with the court's interpretation and application of the pre–1994 version of § 552(b)(2), he was very clear in stating that the amendments to this section were specifically intended to change the law regarding post-petition rents. *Id.* In fact, he applauded the 1994 changes as bringing the statute into line with the philosophy of the Uniform Commercial Code which serves to establish uniformity in state laws so that financial institutions can lend across state lines in confidence. *Id.*

Based on the foregoing, it is hereby:

**ORDERED AND ADJUDGED** that

1. Small Business Administration, pursuant to its assignment of rents, has a perfected lien on the remainder of the post-petition rental proceeds derived from the Debtor's real estate.

2. The attorneys for Leader Federal Bank, shall forthwith turnover to Small Business Administration all escrowed funds derived from the Debtor's real estate pursuant to the Order for Assignment of Rents entered in the state court foreclosure action.