**In re Marshall Philip CRAIG, Debtor.**

No. 1–89–03118.

United States Bankruptcy Court, N.D. Ohio, W.D.

March 9, 1990.

Anthony B. DiSalle, Toledo, Ohio, trustee.

Nicholas W. Jones, Delaware, Ohio, for debtor.

Richard J. Szczepaniak, Toledo, Ohio, for Beneficial.

Martin J. Hughes, II, Marion, Ohio, for Fahey Banking.

OPINION AND ORDER SUSTAINING OBJECTIONS TO CONFIRMATION OF DEBTOR'S PLAN AND GRANTING TIME TO DISMISS OR CONVERT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon objections to confirmation of Debtor's chapter 13 plan. Upon consideration thereof the court finds that said objections are well taken and that Debtor should be granted ten days from the date of this order in which to dismiss his case or convert it to a case under chapter 7; otherwise, Debtor's case should be dismissed.

## FACTS

On October 30, 1989, Debtor filed his voluntary petition under chapter 13 of title 11. Extensions of time in which to file schedules and a plan were granted to Debtor and on December 11, 1989, Debtor filed his plan proposing a varied payment schedule funded by wages and proceeds from a promissory note.

Beneficial Mortgage Company of Ohio objected to Debtor's proposed plan for the reason that said plan

is not feasible and is based upon repayment of a [$20,000] Promissory Note which according to the testimony of the Debtor appears to be uncollectible. Fur-

thermore, [Beneficial] objects ... on the basis of good faith since the Debtor testified that he was extensively involved in arrangements to obtain funds from creditors by fraud in order to invest in a phony partnership arrangement.

Objection to Proposed Plan of Debtor at 1 (December 15, 1989). Beneficial has also filed a motion to dismiss Debtor's case as a result of Debtor's lack of cooperation in making payments to the trustee and Debtor's inability to propose a confirmable plan.

The chapter 13 trustee and The Fahey Banking Company have also objected to confirmation of Debtor's plan for the same reasons including failure to comply with 11 U.S.C. §§ 1322(a)(1) and 1325(a)(3) and (6).

As a result of a hearing held upon these objections, on January 25, 1990, Debtor was granted two weeks to file an amended plan or brief in support of confirmation. To date, Debtor has filed no additional pleadings.

### DISCUSSION

Before Debtor's plan may be confirmed, the court must determine that "Debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). Debtor proposes a varied payment schedule of $18 semi-monthly for 12 months, increased amounts for the next four years and $25,000 to be paid in October, 1992. Section 1325(a)(6), thus, requires the court to determine that Debtor's plan has a reasonable likelihood of success. *In re Anderson*, 28 B.R. 628, 8 C.B.C.2d 1016 (S.D.Ohio 1982). Further, once an objecting party has established support for its objection, Debtor bears the burden of proving his plan is feasible. *In re Stein*, 91 B.R. 796, 19 C.B.C.2d 1138 (Bkrtcy.S.D. Ohio 1988); *In re Hogue*, 78 B.R. 867 (Bkrtcy.S.D.Ohio 1987) (Debtor's plan provided for graduated payments with an additional payment at the end of the plan resulting from sale or refinancing of Debtor's residence). The *Hogue* Court held that [w]here consummation of a chapter 13 plan hinges entirely upon the happening of a speculative, contingent event, scheduled to occur some three to five years

from the date of confirmation, such a plan simply cannot meet the feasibility requirement of § 1325(a)(6).

*Hogue*, 78 B.R. at 873–74.

This same factor exists in Debtor's case. Debtor's plan is premised upon a $25,000 payment in October, 1992. As previously stated, the objecting parties assert that Debtor admitted that this note is uncollectible, which assertion Debtor has failed to address. These funds are a speculative projection. Debtor's plan may not, then, be confirmed.

Objections to Debtor's plan are also based on § 1325(a)(3) which requires the court to confirm Debtor's plan if "the plan has been proposed in good faith." Factors for the court's consideration in determining Debtor's good faith include:

(1) the amount of the proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increases in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and

(11) the burden which the plan's administration would place upon the trustee.

*In re Caldwell*, 851 F.2d 852, 859 (6th Cir.1988) (citation omitted). *See also In re Caldwell*, 895 F.2d 1123 (6th Cir.1990).

Applying these factors to Debtor's plan, the court finds that Debtor's graduated payment schedule for the next five years

culminating in a $25,000 payment premised upon an "uncollectible" promissory note is not proposed in good faith. Furthermore, because Debtor has failed to present evidence in support of confirmation, addressing the objections, the court finds that said objections are well taken. *See Stein,* 91 B.R. at 803 (if court deems Debtor or other admissible evidence is necessary to satisfy any confirmation standard, then a Debtor who fails to appear and testify, or present evidence, does so at his peril). *See also In re Girdaukas,* 92 B.R. 373 (Bkrtcy.E.D. Wis.1988).

The trustee also objects to Debtor's plan pursuant to 11 U.S.C. § 1322(a)(1). Based upon the discussion, *supra,* the court finds that Debtor is unable to provide sufficient income necessary for execution of the plan. In light of the foregoing, it is therefore

ORDERED that the objections of Beneficial Mortgage Company of Ohio, the chapter 13 trustee and The Fahey Banking Company be, and they hereby are, sustained. It is further

ORDERED that Debtor be granted ten days from the date of this order in which to dismiss his case or convert it to a case under chapter 7; otherwise, Debtor's case will be dismissed without further notice or hearing.