**In re James Franklin ANADELL, Debtor.**

**Bankruptcy No. 94–55482.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Oct. 12, 1995.

James E. Nobile, Weltman, Weinberg & Reis Co., L.P.A., Columbus, OH, for CSFO.

Charles D. Underwood, Columbus, OH, for Debtor.

Frank M. Pees, Chapter 13 Trustee, Worthington, OH.

### ORDER OVERRULING OBJECTION TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of the Client's Security Fund of Ohio ("CSFO") to confirmation of the second amended chapter 13 plan proposed by James F. Anadell.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(L).

This case began on September 28, 1994 as a voluntary filing under chapter 7 of the Bankruptcy Code. The schedules and statements of affairs filed with that petition show all assets are exempt from the claims of unsecured creditors under Ohio law. Although there is no secured debt, approximately $87,000 is scheduled as unsecured obligations. Of that amount $13,850.99 is an obligation to a former spouse who was a cosignatory on certain debts and $71,415.94 is the debt to CSFO arising from a judgment against the debtor in the Common Pleas Court of Pickaway County. All other debts are for relatively small amounts. The chapter 7 trustee filed a report of no distribution immediately after the meeting of creditors on November 7, 1994.

On December 5, 1994 CSFO filed an adversary proceeding seeking to have its obligation declared nondischargeable. The debtor then requested a delay in the issuance of his discharge under chapter 7 and on March 1, 1995, he obtained a conversion of his case to chapter 13.

The debtor formerly was a practicing attorney. His debt to CSFO arises from the subrogation of certain claims of former clients of his law practice. The debtor had a substance abuse problem and used, on his own behalf, certain funds of his clients which had been placed in an escrow fund in connection with a real estate sale. The clients were repaid by CSFO. The debtor lost his license to practice law and spent a number of years in prison, apparently primarily for drug-related offenses.

The debtor now works as a legal assistant in the office of the Ohio Public Defender. He takes home $1,402.95 each month. His chapter 7 filings showed monthly expenditures of $342 for rent, $100 for utilities and telephone, $325 for food, $50 for clothing, $30 for laundry and dry cleaning, $50 for medical and dental expenses, $200 for transportation, $150 for recreation and $55.35 for automobile insurance. Those projected expenses totalled $1,302.35.

After converting his case to chapter 13, the debtor initially proposed to pay $100 to the chapter 13 trustee each month for payment of $200 to his attorney, payment in full of a tax obligation, and a dividend of four percent to all allowed unsecured claimants over a period of 40 months. CSFO and the chapter 13 trustee objected to confirmation of that plan. On May 9, 1995, after the creditors' meeting in the chapter 13 case, but before the hearing on confirmation, the debtor amended his plan to increase his payments to $150 each month for a six percent dividend over a period of 38 months. The additional $50 each month to be contributed to the plan came from deletion of the $150 budget item for recreation. At the same time the telephone expense increased by $10, food increased by $25 and transportation increased by $65.

On June 6, 1995 the Court held a hearing on confirmation. The Trustee objected to the plan on the ground that all disposable income was not being devoted to the plan and that he had no explanation why various budget expenses had been increased. In that context the debtor testified that his recent telephone bill history required adjustment

upward, he was incurring repair costs to his 12–year–old car, he was having to pay $85 each month to park at his place of employment, and lunches at work cost approximately $60 each month.

CSFO then presented its objection to confirmation of the debtor's first amended plan. The Court sustained that objection, but gave the debtor 30 days to further amend his plan.

On June 12, 1995 the debtor filed his second amended plan. That plan is identical to the first amended plan except that the $150 monthly payments are proposed to extend for 60 months. Such payments are to return a dividend of at least nine percent to unsecured claimants. The claims bar date has passed, and the only claims of record are CSFO's for $72,302.57 and a tax claim of $874.11.

CSFO again objected to the second amended plan, and the Court held a second confirmation hearing on August 8, 1995. The chapter 13 trustee no longer opposes confirmation, and confirmation is now before the Court only on CSFO's objection.

■ CSFO alleges that the debtor's plan cannot satisfy the requirement of 11 U.S.C. § 1325(a)(3) that a plan be proposed in good faith and not by any means forbidden by law. As support, CSFO points to the debtor's failure to make any voluntary effort to repay CSFO after his release from prison, his filing of a chapter 7 case when CSFO attempted to garnish his wages, his initial filing under chapter 7 in an attempt to discharge this obligation, and his minimal attempt at repayment under his original plan. CSFO concedes that the second amended plan probably represents the debtor's best efforts under his current circumstances, but asserts that such efforts still produce only a *de minimis* return to CSFO after all attempts to pay less failed. CSFO alleges that such behavior does not establish good faith under the statute.

The debtor argues that he cannot pay more than his current plan requires, that he has paid a considerable price for his past mistakes and that he wants to rehabilitate himself by continuing to work in his new job and by paying CSFO as much as he can and still support himself. He asserts that the Bankruptcy Code does not require more than that and his attorney should not be faulted for advising him to file initially under chapter 7.

■ The issue of good faith in a chapter 13 plan has been the subject of many opinions at all court levels since the passage of the Bankruptcy Reform Act of 1978. The most recent pronouncement of this circuit, in the context of a motion to convert from chapter 7 to chapter 13, is *Hardin v. Caldwell (In re Caldwell)*, 895 F.2d 1123 (6th Cir.1990). *Caldwell* holds that the burden of showing good faith is on the debtor and that best efforts do not alone satisfy the requirement. The *Caldwell* court reaffirms its prior position in *In re Okoreeh–Baah*, 836 F.2d 1030 (6th Cir.1988). *Okoreeh–Baah* held that any analysis of a debtor's good faith requires examination of all the circumstances surrounding a case and includes review of the following criteria:

(1) the amount of the proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increase in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief;

(11) the burden which the plan's administration would place upon the trustee; and

(12) whether the debtor is attempting to abuse the spirit of the Bankruptcy Code.

836 F.2d 1030 at 1032.

In examining the *Okoreeh–Baah* factors under the facts of this case, this court finds that the debtor's second amended plan satisfactorily meets nine of the listed criteria. Specifically, the debtor is now proposing to pay as much as he probably can pay, is in employment where frequent or significant raises do not appear likely, has proposed a plan of maximum duration, and appears to be accurate in his statements. He has not preferred certain creditors, is not modifying any secured claims, has not presented any special financial circumstances, and has not had any other bankruptcy cases within the last six years. Finally, he is not proposing a plan which would present any administrative burden for the trustee.

Accordingly, there remain only three criteria for further examination. More specifically the issue before the Court is whether the debtor is properly motivated and sincere in seeking chapter 13 relief and whether he is attempting to abuse the spirit of the Bankruptcy Code. The primary debt sought to be discharged most likely would not be dischargeable if this case were still under chapter 7.

The difficulty of using the *Okoreeh–Baah* criteria can be seen in this case. Proper motivation, sincerity, and nonabuse of the chapter 13 remedy must mean something other than a satisfactory analysis of all factors except the type of debt sought to be discharged. Is motivation to be measured by the final plan offered? Is it an abuse of the spirit of chapter 13 only to pay approximately 10% of an obligation conceded not to be dischargeable under chapter 7? How is the sincerity of a debtor measured? Does the law require the Court to assess not only whether the debtor appears to intend to pay what he proposes to pay, but whether he really wants to reimburse CSFO for the monies it paid out on his behalf? Such traits are difficult for a court to determine after such limited observation of a party.

After analyzing the criteria which govern good faith in this circuit and comparing this debtor's demeanor, history and current behavior to that ascribed to the debtor in *Caldwell*, the Court finds that this debtor has proposed his chapter 13 plan in good faith. Most of his payments will go for an obligation not dischargeable under chapter 7 and a debt incurred by the misappropriation of another's property. Such debt may be dischargeable under the chapter 13 statute. However, the debtor has sought chapter 13 relief in an effort to pay what he must. He appears to intend to make those payments and to be putting his life back together in as responsible a manner as possible. He has served his time in prison and has lost his professional license. Perhaps he is the sort of individual for whom chapter 13 relief is intended. This Court cannot find that confirming his plan, as amended, would be an abuse of the Bankruptcy Code.

Based upon the foregoing, the Court hereby **OVERRULES** the objection to confirmation of CSFO. The debtor's second amended plan satisfies all requirements of 11 U.S.C. § 1325(a) and (b) and will be confirmed.

**IT IS SO ORDERED.**