77 F.3d 483
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re John Caldwell TIMMONS, Debtor.
John Caldwell TIMMONS, Appellant,
v.
RAK-REE ENTERPRISES, INC.; Frank M. Pees, Chapter 12
Trustee, Appellees.
 Nos. 95-3201, 95-3203.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1996.
 
 S.D.Ohio, Nos. 94-00163, 94-00164; Joseph P. Kinneary, District Judge.
 S.D.Ohio
 AFFIRMED.
 Before: BROWN, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 John Caldwell Timmons appeals a district court order affirming a bankruptcy court's dismissal of Timmons's third Chapter 12 bankruptcy petition for bad faith (Appeal No. 95-3201), and dismissing, as moot, Timmons's claim that the bankruptcy court incorrectly valued Rak-Ree's claims (Appeal No. 95-3203). The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 These consolidated appeals involve Timmons's third Chapter 12 petition. Timmons is engaged in a farming operation. The operations include grain production and the production and retail sale of ornamental pumpkins. Timmons filed his first Chapter 12 petition on December 12, 1986. In that case, a reorganization plan was confirmed on June 3, 1987; however, the case was dismissed on April 28, 1992, due to Timmons's nonpayment under the plan.
 
 
 3
 After the first case was dismissed, Rak-Ree instituted foreclosure proceedings against Timmons's property. Before these foreclosure proceedings could be completed, however, Timmons filed a second Chapter 12 petition on May 29, 1992. That case was also dismissed. The bankruptcy court found that the case was dismissed for "failure to confirm a plan because of feasibility problems." Timmons claimed that the plan was dismissed for "lack of prosecution."
 
 
 4
 Rak-Ree then reinstituted foreclosure proceedings, and in response, Timmons filed his third Chapter 12 petition on August 6, 1993. Rak-Ree filed a motion to dismiss on August 27, 1993. On December 13, 1993, the bankruptcy court held a hearing on the valuation of Rak-Ree's claim, the confirmation of the proposed Chapter 12 plan, and Rak-Ree's motion to dismiss. At the conclusion of the hearing, the court determined, for the purpose of the confirmation hearing, that Rak-Ree's claim was valued at $120,000, denied confirmation of the plan because it was infeasible and filed in bad faith, and dismissed the case with prejudice because the case was filed in bad faith. The district court affirmed the bankruptcy court's decision in an order filed January 20, 1995. Judgment was entered January 23, 1995. Reconsideration was denied in an order filed May 19, 1995.
 
 
 5
 A bankruptcy court's good faith determination based on the totality of circumstances must be reviewed under the clearly erroneous standard. In re Caldwell, 895 F.2d 1123, 1127 (6th Cir.1990) (Caldwell II ) (citing Matter of Metz, 820 F.2d 1495, 1497 (9th Cir.1987)). " 'A finding [of fact] is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 6
 The bankruptcy court found that the weather conditions characteristic of Timmons's bottom land farming operation continued to trigger costly flooding on substantial portions of Timmons's property. The court also found that the only actual changes were the addition of some equipment and the added raising of ornamental pumpkin sales, but those changes were found to be insignificant. Upon review of the record in this case, we conclude that the bankruptcy court's findings are not clearly erroneous. Since we are not "left with the definite and firm conviction that a mistake has been made" by the bankruptcy court, we affirm the court's conclusion that Timmons's third Chapter 12 petition was filed in bad faith.
 
 
 7
 Because we are affirming the dismissal of Timmons's third Chapter 12 petition, it is not necessary to address Timmons's claims that the bankruptcy court incorrectly valued Rak-Ree's claims.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.