**In re Juliann BARNETT, Debtor.**

**Bankruptcy No. 97–62048.**

United States Bankruptcy Court,
N.D. Ohio.

Nov. 20, 1997.

Michael V. Demczyk, McNamara & Freeman, Uniontown, OH.

George V. Zugrave, Akron, OH.

Toby L. Rosen, Canton, OH, Chapter 13 Trustee.

### MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presently before the Court in this case under Chapter 13 of Title 11 of the United States Code is an objection to confirmation and motion to dismiss filed by Star Bank, N.A., the holder of a judgment in the amount of $4,020.00 plus 10% interest per annum and court costs against the Debtor, Juliann Barnett. Following a hearing, the cause was taken under advisement. For the reasons stated below, Star Bank's objection will be **OVERRULED** and its motion **DENIED.**

### *FACTS*

Ms. Barnett filed a petition for relief under Chapter 7 of Title 11 of the United States Code on March 20, 1996. Her discharge was ranted July 19, 1996. This Court, however, on a complaint duly filed and heard, entered an order on December 30, 1996, finding her debt owed to Star Bank in the amount of $4,020.00 plus 10% interest per annum and court costs to be nondischargeable under 11 U.S.C. § 523(a)(2)(A). Subsequently, Ms. Barnett filed a petition for relief under Chapter 13 of Title 11 of the United States Code on July 9, 1997. She does not deny that her sole motivation in filing her petition was to prevent a wage garnishment by Star Bank to enforce its judgment granted by this Court. Star Bank also filed a judicial lien against Ms. Barnett's real estate on July 11, 1997. Ms. Barnett asserts that because Star Bank's lien was unperfected on the date of the filing of her Chapter 13 petition, Star Bank is an unsecured creditor entitled to be paid 35% of its claim according to the terms of her proposed plan. Star Bank, however, claims that Ms. Barnett's case should be dismissed because she filed her Chapter 13 petition in bad faith for the sole purpose in preventing the satisfaction of its judgment granted by this Court.

It was determined at the hearing that Ms. Barnett has a net monthly income in the range of $2,330.00 to $2,395.00. The debt owed to Star Bank is the only one of major

significance listed on Ms. Barnett's Schedule F, Creditors Holding Unsecured Nonpriority Claims. Other than debts that relate to her home, which she proposes to pay directly, the major portion of Ms. Barnett's indebtedness amounts to $4,888.00 which she schedules as owed to Star Bank. Ms. Barnett proposes a thirty-six month plan with payments of $75.00 per month. According to the terms of the plan, Star Bank will receive 35% of the $4,020.00 previously found to be nondischargeable by this Court.

## DISCUSSION

The Court has jurisdiction in this matter by virtue of Section 1334(b) of Title 28 of the United States Code and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under Section 157(b)(2)(L) and (O) of Title 28 of the United States Code. This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Star Bank alleges that Ms. Barnett filed her petition for relief under Chapter 13 of Title 11 of the United States Code in bad faith with the intent to prevent Star Bank from garnishing her wages and satisfying its judgment. Star Bank has asserted that the provisions of Section 1307(c) of Title 11 of the United States Code mandate the dismissal of this case.[1] Thus, the Court will begin its analysis by examining the good faith filing requirements for a Chapter 13 petition.

1. Section 1307(c) states:
  (c) Except as provided in subsection (e) of this subsection, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
  (1) unreasonable delay by the debtor that is prejudicial to creditors;
  (2) nonpayment of any fees and charges required under chapter 123 of title 28;
  (3) failure to file a plan timely under section 1321 of this title;
  (4) failure to commence making timely payments under section 1326 of this title;
  (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

The Sixth Circuit has concluded, "We are persuaded that there is good authority for the principle that lack of good faith is a valid basis of decision in a 'for cause' dismissal by a bankruptcy court." *Industrial Insurance Services, Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1127 (6th Cir.1991) (discussing dismissal in a Chapter 7 context). A similar "good faith" test has been judicially inferred for Chapter 13 filings from the "for cause" language of section 1307(c). *In the Matter of Robert John Love*, 957 F.2d 1350, 1354 (7th Cir.1992); *In re Brenner*, 189 B.R. 121, 129 (Bankr.N.D.Ohio 1995).

While the Sixth Circuit has never defined the elements of good faith in the context of Section 1307(c), it has determined the meaning of good faith as it relates to the confirmation of a Chapter 13 plan under Section 1325(a). *Hardin v. Caldwell (In re Caldwell)*, 895 F.2d 1123, 1126 (6th Cir.1990). The policy of good faith is the same regardless of whether the issue is raised under Section 1307(c) or 1325(a). *Love*, 957 F.2d at 1356–57. Thus, similar analysis can be used to determine good faith under both sections.

Under *Caldwell*, the Sixth Circuit suggested twelve factors that could be examined to determine if good faith is present:
(1) the amount of the proposed payments and the amount of the debtor's surplus;
(2) the debtor's employment history, ability to earn and likelihood of future increase in income;

(6) material default by the debtor with respect to a term of a confirmed plan;
(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521; or
(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521.

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief;

(11) the burden which the plan's administration would place upon the trustee; and,

(12) whether the debtor is attempting to abuse the spirit of the Bankruptcy Code.

*Caldwell*, 895 F.2d at 1126–27 (citations omitted). Most of these factors are also relevant to the issues of dismissal for lack of good faith. Because Star Bank is the movant and is requesting the dismissal of Ms. Barnett's case, Star Bank will bear the burden of proving her lack of good faith. Its proof of some or all of the above factors will help it meet that burden.

The Court finds that Star Bank has failed to meet its burden. The record contains no evidence that Ms. Barnett does not intend to effectuate her proposed plan. In fact, the Chapter 13 trustee stated at the hearing that Ms. Barnett's payments into the plan were current. The Court also finds no indication that the proposed repayment plan is unreasonable. It was determined at the hearing that Ms. Barnett's net monthly income is at best $2,395.00. The Court finds that her monthly expenses as listed on Schedule J of her petition in the sum of $2,371.00 are reasonable especially consider-

ing that she is a single parent with a dependent child. Ms. Barnett has proposed a plan which provides adequate monthly payments of $75.00, considering the small difference between her net monthly income and monthly expenses. Given Ms. Barnett's expenses in relation to her monthly income, the plan does not appear to be an effort to seek a nominal repayment that abuses the spirit of the Bankruptcy Code.

Lastly, Ms. Barnett's filing her petition for relief under Chapter 13 to discharge a debt previously held nondischargeable in her Chapter 7 case because it was incurred by fraud does not alone constitute bad faith. *In the Matter of Chaffin*, 836 F.2d 215 (5th Cir.1988). The Court finds no other factors to support Star Bank's position that Ms. Barnett's Chapter 13 petition was filed in bad faith. Ms. Barnett testified that her sole reason in seeking Chapter 13 relief was to prevent wage garnishment which, if allowed, would leave her unable to support herself or her daughter. Considering the totality of the circumstances, the Court concludes that Ms. Barnett has met the good faith requirement of Section 1325(a)(3) of Title 11 of the United States Code.[2] Ms. Barnett's case will not be dismissed and Star Bank will be treated as an unsecured creditor to be paid according to the terms of Ms. Barnett's proposed plan.

---

**2.** Section 1325(a)(3) states:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

. . .

(3) the plan has been proposed in good faith and not by any means forbidden by law.