**In re Gwendolyn L. RANDALL, Debtor.**

No. 03–65859.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 3, 2004.

Stephen E. Schafer, Columbus, OH, for Debtor.

Rick L. Brunner, Jennifer A. Wiggins, Columbus, OH, for Creditor Wanda Knox.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

## ORDER OVERRULING OBJECTION TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of Wanda Knox to confirmation of the chapter 13 plan proposed by debtor Gwendolyn Randall.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(L).

Objecting creditor Wanda Knox holds a judgment against the debtor in the amount of $44,200. That judgment, although obtained on a default basis, is based upon allegations of fraud and misrepresentation. Two months after that judgment was obtained, the debtor, on June 21, 2002, filed a chapter 7 case. During that case, Knox obtained a default judgment in an adversary action which found that debt to be nondischargeable. Ten months later, on October 17, 2003, the debtor filed this chapter 13 case. The debtor also had a chapter 7 case in 1999.

The chapter 13 plan proposed by the debtor pays $339 each month to the trustee until all allowed secured and priority unsecured claims are paid in full and a 5% dividend has been paid to allowed unsecured claimants. The trustee estimates that it will take 43 months to pay all scheduled secured and priority debts and an additional nine months to pay scheduled unsecured debts. Had this case been filed under chapter 7, it is unlikely that creditors would have received any distribution.

The debtor is employed as a home loan analyst. After taxes, her monthly take-home pay is $1,800. She is divorced with no dependents. Her modest monthly expenses total $1,461. Her proposed monthly plan payment of $339 represents all her disposable income. She does not own any real property.

The debtor has scheduled only three debts—her obligation to Wanda Knox, a debt arising from the rejection of an executory contract for a travel plan and an obligation for a 2003 Pontiac Grand Am. The car is valued at $11,000 and the lienholder's proof of claim indicates a balance owed of $20,976. The travel plan creditor did not file a proof of claim.

In support of her allegation that this plan was not filed in good faith, Knox asserts that the debtor never voluntarily made any payments to her on the judgment debt. Nevertheless, two months before filing this case, the debtor purchased a 2003 automobile for $20,618. In response, the debtor maintains that she was unable to voluntarily pay Knox because

Knox was garnishing approximately $2,300 from her bank accounts and pay during that period. The debtor also stated that she needed a functional automobile for work and purchased a used vehicle from the only dealer she could find who would take her old car as a trade-in without requiring an additional down payment. She realized very soon after that purchase that she could not afford to make the monthly payments required.

■ There is no dispute here, and the Court finds that, other than the question about the debtor's good faith in proposing this plan, all other requirements for confirmation have been met. Accordingly, it is only the good faith standards that need to be considered. Those standards, as set forth in this circuit in *In re Francis*, 273 B.R. 87 (6th Cir. BAP 2002), quoting from *In re Caldwell*, 895 F.2d 1123, (6th Cir. 1990), are as follows:

(1) the amount of the proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increase in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor seeking Chapter 13 relief;

(11) the burden which the plan's administration would place upon the trustee; and,

(12) whether the debtor is attempting to abuse the spirit of the Bankruptcy Code.

*Caldwell* at 1126–1127.

■ In addition, an attempt to discharge under chapter 13 a debt which is not dischargeable under chapter 7 is not conclusive evidence that the chapter 13 plan was not made in good faith. *Caldwell* at 1127.

■ This Court has examined the criteria set forth in *Caldwell*. Specifically, the Court finds that there are no negative issues raised by application of criteria 1–6, 8 and 11. All of the debtor's disposable income is being paid into the plan; the debtor's employment, while stable, is not likely to result in significant increases in income; the duration of the plan is approximately 50 months; no allegations have been made about any inaccuracies in schedules or expense forecasts; there is no preferential treatment between classes or unusual modification of secured claims. There have not been any special circumstances raised and there is no unusual burden imposed on the trustee by this plan. That leaves for consideration criteria 7, 9, 10 and 12.

It certainly appears that the debt to Wanda Knox would be non-dischargeable under chapter 7 and Ms. Knox has a judgment to that effect. That judgment, however, was predicated upon a default in a state court action, and this Court, therefore, can make no findings on the merits of the allegations leading to the default judgment.

The debtor has had three bankruptcy cases. This is a concern and a fact which works against a finding of good faith. The first case appears unrelated to the questioned debt, however, and is probably not to be considered. This third case is clearly related to the result in the second case, however.

The Court finds that the criterion of the debtor's motivation and sincerity in seeking chapter 13 relief is related to whether this case was filed as a stalling tactic or whether the debtor intends to make the payments proposed and complete her plan. The Court has no evidence of insincere effort. The debtor has committed to a very tight budget for a period in excess of four years to pay what she can. Although her car purchase was ill-advised, she appears to have believed the car dealer's assessment about what she could afford. That such assessment and belief were wrong does not make them fraudulent or insincerely motivated on her part.

The criterion of whether the debtor is attempting to abuse the spirit of chapter 13 is a harder call. The chapter 13 remedy is intended as a repayment vehicle for financially troubled debtors. When the dividend proposed is low, a large proportion of the debts are not dischargeable in chapter 7, and the debtor has made frequent use of the bankruptcy remedy, abuse must always be considered. In addition, the disposable income test in 11 U.S.C. § 1325(b) does not provide a meaningful inquiry where secured debt cannot be satisfied in 36 months. As this plan is structured, only about nine months of payments will actually go to the unsecured creditor holding the debt of questionable origin.

In conclusion, however, the Court is satisfied that the debtor has proposed her plan in good faith. Knox has additional remedies pursuant to 11 U.S.C. § 1329 if the debtor's income increases or her circumstances otherwise improve. As it presently stands, the Court finds that the debtor is doing the best she can with what she has. Perhaps chapter 13 demands no more than that.

Based on the foregoing, the Court **OVERRULES** the objection of Wanda Knox. Orders confirming the debtor's proposed plan and directing her employer to withhold and forward her payment to the trustee will be entered forthwith.

**IT IS SO ORDERED.**