**In re Kevin Marc STEIN, Debtor.**

**No. 03–60194.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 4, 2004.

Curtis Cockerill, Columbus, OH, for Debtor.

Brian C.M. Forbes, Geoffrey E. Albrecht, Columbus, OH, for Creditors John Worthington and Frederick Rice.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

Office of the U.S. Trustee, Columbus, OH.

*OPINION AND ORDER SUSTAINING OBJECTIONS TO CONFIRMATION, DENYING CONFIRMATION AND DISMISSING CASE*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objections of Frederick Rice and John Worthington ("Creditors") to confirmation of the chapter 13 plan proposed by debtor Kevin Marc Stein.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(L).

The debtor has proposed a plan which, as amended, calls for monthly payments to the chapter 13 trustee of $134 for two months and $550 thereafter. From those payments, the trustee is to pay in full allowed secured and priority claims and a dividend of 4% for allowed unsecured claims. The only debts scheduled are those to the Creditors and an obligation to a credit union for a 2002 Jeep automobile the debtor purchased in September 2002.

The Creditors are each plaintiffs in different law suits pending in state court at the time the debtor filed this case. Creditor Frederick Rice's action alleges that the debtor committed an assault and battery against him which resulted in bodily injury. His action seeks $25,000 in damages, costs and attorney fees and punitive damages. Creditor John Worthington's action alleges that the debtor slandered him at his place of business, assaulted one of his employees and intentionally harmed his business reputation. His action seeks

compensatory damages of $15,000, costs and attorney's fees, and punitive damages. That action was tried to a magistrate in the Court of Common Pleas of Franklin County, Ohio. The magistrate found that the debtor had committed tortuous batteries against John Worthington and his business and granted judgment against the debtor in the amount of $8,085 plus interest and court costs. Worthington apparently objected to the magistrate's finding to the extent it failed to award him attorney's fees and certain costs. That objection has not been ruled on by a judge in the state court and the magistrate's judgment is, therefore, not final. Further, the magistrate's initial decision was rendered post-petition.

The debtor filed this case on July 8, 2003. There have been numerous disputes over discovery issues. The debtor's wife is not before this Court and issues relating to her income and expenses have been the subject of multiple motions by the Creditors. There was a post-petition order for sanctions issued by the state court in Frederick Rice's pending case. Although the Creditors each sought relief from the automatic stay to continue their state court actions, such relief has not yet been granted and motions seeking such relief were sought only after the entry of the magistrate's decision.

The Creditors allege that the debtor has not been candid in his disclosures to this Court. They also assert that the plan is not feasible and was filed in bad faith.

In support of their allegations, the Creditors charge that the debtor's wife appears to support the debtor and that she has not been forthcoming about the income and expenses of her business. The debtor has worked at his wife's business for some time, but was only formally placed on a payroll shortly before this case was filed. The debtor's wife has made his car payments in the past. She also pays the mortgage on the home where they reside and the debtor does not have any ownership interest in that property. The Objectors believe the debtor and his wife have access to more resources than have been revealed and that they have been noncooperative in the Objectors' attempt to discover that information. They allege that the "salary" only recently obtained by the debtor from his wife's business does not reflect his disposable income and was arrived at by determining the minimum dividend he could offer to discharge these debts in his chapter 13 case.

At issue here is whether this debtor is making a sincere effort to repay the obligations to the Creditors or whether his intent is to manipulate the chapter 13 remedy in a manner that allows him to discharge debts which at least potentially, would not be dischargeable were this a chapter 7 case.

■ The court of appeals for this circuit has set forth certain criteria for courts to consider when an objection is raised in a chapter 13 case as to a debtor's good faith. Accordingly, it is those good faith standards that need to be considered. Those standards, as set forth in *In re Francis*, 273 B.R. 87 (6th Cir. BAP 2002), quoting from *In re Caldwell*, 895 F.2d 1123, (6th Cir.1990), are as follows:

(1) the amount of the proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increase in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and

whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor seeking Chapter 13 relief;

(11) the burden which the plan's administration would place upon the trustee; and,

(12) whether the debtor is attempting to abuse the spirit of the Bankruptcy Code.

*Caldwell* at 1126–1127.

■ The facts in this case which raise good faith issues relate to the financial affairs of the debtor's non-debtor spouse and the debtor's credibility. Mrs. Stein runs a business in which the debtor has previously participated more like a partner than an employee. Until just before he filed his chapter 13 case, he did not receive a salary for his work in the business. Rather all of his living expenses were paid and he and his wife appeared to treat the business assets and earnings as personal assets and earnings. There have been no tax returns filed for 2002 or 2003. The tax information available for 2001 does not show large earnings for the company, but there was testimony establishing that mortgage, car, vacation and other expenses, may have been paid either from Mrs. Stein's "draw" or just considered as business expenses. Specific information has not been forthcoming from either the debtor or his spouse. Although the debtor maintains that he is not a signatory to the accounts maintained by his wife's business, he has on occasion signed checks and/or withdrawals from those accounts. It is also unclear to what extent Mrs. Stein's family may be contributing income. There was evidence that financial information may not have been carefully kept.

In summary, the Court is unable to find whether the plan proposed by the debtor satisfies criteria 1, 2, 4, 7, 10 and 12 set forth above. The Court recognizes that the debtor's wife is not a debtor before this Court. However, the financial affairs of her business and the debtor's role in it are a necessary part of this Court's evaluation. It is clear that this case was filed solely to deal with debtor's obligations to the Objectors. Initially, those were the only debts to be paid. It also appears that even though the obligations to the Objectors are not liquidated, the nature of those debts is such that they would not be dischargeable in chapter 7. The dividend offered, while not dispositive of the good faith issue, is low. Without reliable information relating to Mrs. Stein's business and the debtor's participation in it, the Court cannot evaluate whether the payments proposed are feasible or whether all of the debtor's disposable income is devoted to repayment of his debts. The Court also recognizes that the debtor and John Worthington have a less-than-friendly relationship. Even after consideration of that fact, however, the Court cannot find that this debtor has been candid or forthcoming about his access to financial information. Without such candor, the Court cannot satisfy the scrutiny here required for this plan. *See Caldwell,* 895 F.2d at 1126.

Accordingly, the objections of John Worthington and Frederick Rice are hereby sustained. The debtor's proposed plan will not be confirmed as proposed. He has had

a prior chapter 7 within six years of the filing of this case and, therefore, this case cannot be voluntarily converted. More time will not solve the difficulties noted and, therefore, the case will be dismissed at this time.

**IT IS SO ORDERED.**