**In the Matter of Arnold S. REYMER, Debtor.**

**Arnold S. Reymer, Appellant,**

v.

**Krispen S. Carroll, Appellee.**

Nos. 08–57727, 08–14934.

United States District Court, E.D. Michigan, Southern Division.

April 7, 2009.

## ORDER

VICTORIA A. ROBERTS, District Judge.

### I. INTRODUCTION

This matter is before the Court on Debtor's Appeal [Doc. # 1] of an Order of the Bankruptcy Court dismissing his Chapter 13 case for lack of good faith. This Court has jurisdiction pursuant to Fed. Bankr.R. 8001(a) and 8002, and 28 U.S.C. § 158. The Court **REVERSES** and **REMANDS** to the Bankruptcy Court for further proceedings consistent with this Order.

### II. BACKGROUND

On July 23, 2008, Debtor Arnold Reymer filed for relief under Title 11, Chapter 13 of the United States Bankruptcy Code ("Code"). When he filed that petition, he was ineligible for relief under Chapter 7 of the Code due to a prior Chapter 7 bankruptcy that was discharged on July 13, 2004. *See* 11 U.S.C. § 727(a)(8). But, he was eligible for relief under Chapter 13; more than four years had passed since his Chapter 7 discharge. *See* 11 U.S.C. § 1328.

The Bankruptcy Court held a confirmation hearing on Debtor's Chapter 13 plan on November 12, 2008. The Chapter 13 plan scheduled $108,291.88 in unsecured debt, which primarily consisted of a mortgage deficiency balance. Debtor proposed a 36–month plan which offered a $1,050.00 distribution to unsecured creditors to be paid on a pro-rata basis; this plan would have yielded less than a 1% dividend to unsecured creditors.

The Bankruptcy Court expressed concern that Debtor was proposing a "disguised" Chapter 7 plan because it did not provide a meaningful dividend to Debtor's creditors. Tr. p. 6. This concern was not voiced by the Chapter 13 Trustee, who voiced one objection—language involving a State of Michigan claim. Tr. p. 2. The Court viewed the plan as an attempt to circumvent 11 U.S.C. § 727(a)(8). Tr. p. 7. Accordingly, the Court denied confirmation and *sua sponte* dismissed the case for lack of good faith. Tr. p. 7–8.

Following the dismissal, Debtor made an oral request for reconsideration of the Bankruptcy Court's ruling. Debtor offered to increase his payment from $29.17 to $60.00 per month, and to extend the plan from 36 to 60 months as a showing of good faith. Tr. p. 10. The Court denied the request. Tr. p. 11.

On appeal, Debtor says the Bankruptcy Court committed clear and reversible error in dismissing his Chapter 13 case without making a factual determination on the issue of good faith. Debtor asks the Court to reverse the decision of the Bankruptcy Court and confirm his plan *nunc pro tunc* to November 12, 2008. In the alternative, Debtor requests a remand to the Bankruptcy Court for a proper determination of good faith.

## III. STANDARD OF REVIEW

■ District courts review findings of fact made by the bankruptcy court under a clearly erroneous standard:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the

bankruptcy court to judge the credibility of the witnesses.

Fed. Bankr.R. 8013; *In re Rosinski,* 759 F.2d 539, 541 (6th Cir.1985); *In re Morrissey,* 717 F.2d 100, 104 (3rd Cir.1983).

■ A bankruptcy court's finding on whether a debtor's plan is proposed in good faith is a finding of fact reviewed under the clearly erroneous standard. *Hardin v. Caldwell (In re Caldwell),* 851 F.2d 852, 858 (6th Cir.1988).

## IV. ANALYSIS

### A. Chapter 13 Trustee's Waiver of Objection

■ Debtor argues that the Chapter 13 Trustee was named a "defacto appellee" only (Debtor does not define "defacto appellee"), and that she lacks standing to weigh in on Debtor's appeal to this Court. Debtor contends that since the Chapter 13 Trustee did not raise a timely objection on the good faith issue in the Bankruptcy Court or in oral argument at Debtor's confirmation hearing, she waived her right to now support the Bankruptcy Court's ruling in this appeal. Debtor notes that the Bankruptcy Court *sua sponte* raised the issue of good faith. Debtor asks the Court to disregard arguments now raised by the Chapter 13 Trustee as untimely.

Debtor cites *Williams and Sussana Charles v. Catelettsburg Federal Savings and Loan Association (In re Charles),* 9 F.3d 106, 1993 WL 406794, 1993 U.S.App. LEXIS 26754 (6th Cir.1993) for the proposition that issues not raised by parties in the bankruptcy court are not reviewable on appeal. In *In re Charles,* the debtors appealed a district court order affirming the bankruptcy court's judgment refusing to discharge a debt pursuant to 11 U.S.C. § 523(a)(2)(A). They argued that they were prejudiced as a result of the stipulated facts submitted to the bankruptcy

court by their attorney. Because this issue was not raised in either the bankruptcy court or on appeal to the district court, the appellate court ruled the issue was not reviewable on appeal. Furthermore, because the debtors did not object to the bankruptcy court conducting its trial despite the unavailability of witnesses, that issue also was considered waived for the purposes of appeal.

At no time during the confirmation hearing here, did the Chapter 13 Trustee voice objection to confirmation of the plan, nor did she voice concurrence in the Bankruptcy Court's assessment that the Debtor's plan was not proposed in good faith. The Court finds that the Chapter 13 Trustee waived objection on the good faith issue for the purposes of appeal.

### B. Dismissal for Lack of Good Faith

Debtor argues that the Bankruptcy Court erred in dismissing his Chapter 13 case for lack of good faith without conducting the analysis required by the Code and controlling case law. He says the Bankruptcy Court took the myopic view that any Chapter 13 plan, where a debtor is ineligible for relief under Chapter 7, is proposed in bad faith if the debtor cannot propose a dividend that satisfies the Bankruptcy Court's subjective view.

 The party who seeks a discharge under Chapter 13 bears the burden of proving good faith. *In re Caldwell,* 895 F.2d 1123, 1127 (6th Cir.1990) (citing *In re Girdaukas,* 92 B.R. 373, 376 (Bankr. E.D.Wis.1988)). The inquiry into a debtor's good faith imposes a fact-specific analysis. "Courts should take into account the totality of the circumstances confronting the debtor" to determine whether a debtor's Chapter 13 plan is proposed in good faith. *In re Okoreeh–Baah,* 836 F.2d 1030, 1033 (6th Cir.1988). The Court of Appeals

for the Sixth Circuit suggests twelve criteria to use in this determination:

(1) the amount of the proposed payments and the amount of the debtors surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increase in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief;

(11) the burden which the plan's administration would place upon the trustee; and,

(12) whether the debtor is attempting to abuse the spirit of the Bankruptcy Code.

*Hardin v. Caldwell,* 897 F.2d 529, 1990 WL 20457 (6th Cir.1990).

Additional considerations can be taken into account:

(1) whether the debtor is attempting "to abuse the spirit of the Bankruptcy Code;"

(2) "good faith does not necessarily require substantial repayment of the unsecured claims;"

(3) the fact a debt "is nondischargeable under Chapter 7 does not make it nondischargeable under Chapter 13;" and,

(4) the fact that a debtor seeks to discharge an otherwise nondischargeable debt is not, per se, evidence of bad faith but may still be considered as part of the totality of the circumstances analysis.

*Id.* The Sixth Circuit stressed that no one factor should be viewed as a dispositive indication of the debtor's good faith. *Id.*

 This Court cannot discern from the record whether the Bankruptcy Court reviewed these factors and the totality of the circumstances. No factual analysis is in this record that supports a conclusion that Debtor proposed a "disguised" Chapter 7 plan, other than the Court's view that the plan did not provide a meaningful dividend to the unsecured creditors. A "disguised" or "veiled" Chapter 7 plan has not been defined. However, the concept has not evolved into anything beyond a Chapter 13 petition and plan that does not meet the good faith requirement set forth in *In re Okoreeh–Baah.* See *Caldwell II,* 895 F.2d. at 1126 (first using the phrase "veiled chapter 7 plan" to describe a chapter 13 plan which failed to meet the good faith requirements set forth in *In re Okoreeh–Baah* ).

The Sixth Circuit directed that a chapter 13 plan which proposes to pay only a small portion of a debt that could not be discharged in a chapter 7 deserves particular scrutiny. *Caldwell II,* 895 F.2d at 1126. However, "particular scrutiny" does not mean outright rejection. A small dividend alone does not mandate a conclusion that a debtor's plan was filed in bad faith. See *In re Francis,* 273 B.R. 87, 91 (6th Cir.BAP2002). The Bankruptcy Court must thoroughly consider each of the issues raised by the Debtor, as well as the factors delineated in *Caldwell.*

## IV. CONCLUSION

The Court **REVERSES** and **REMANDS** for the Bankruptcy Court to make a factual determination of good faith, taking into account the *Caldwell* factors.

**IT IS ORDERED.**